### FEDERAL SURETY CO. v. BLACKWOOD.
### No. 3747.

Court of Civil Appeals of Texas. Amarillo. Feb. 24, 1932.

Morgan, Culton, Morgan & Britain, of Amarillo, and Burgess, Burgess, Chrestman & Brundidge, of Dallas, for appellant.

Works & Bassett, of Amarillo, for appellee.

RANDOLPH, J.

The appellee herein has filed in this cause, in lieu of brief, an instrument, the substance of which is as follows: "Comes now Newton Blackwood, appellee in above cause, and respectfully shows to said Hon. Court of Civil Appeals that while he is advised by his attorneys that they can not honestly and in fairness to either the Trial Court or the Appellate Court, admit error in the trial of said cause, yet in truth and in fact if appellee and his said attorneys had had knowledge of matters that are now within their knowledge, before the trial of said cause in the trial court, same would have never been tried, but would have been dismissed by appellee, and therefore it is perfectly agreeable to appellee and his said attorneys that this cause be reversed and remanded to the lower court, this statement and admission being made in the hope of saving the court all possible labor in the premises."

It appears, also, from the statement of appellant's counsel made in oral argument, that, except for professional pride, he would be

willing that the trial court's judgment should be affirmed.

Regardless of the present attitude of the parties, this court will proceed with the decision of the questions presented by the record.

This suit was instituted for the purpose of setting aside a compromise agreement between Newton Blackwood, appellee, and the Federal Surety Company, appellant, under the Workmen's Compensation Laws of Texas. (Vernon's Ann. Civ. St. arts. 8306–8309).

Special issues were submitted to a jury, and upon their answers to same the trial court rendered judgment for appellee, and from this judgment the appeal has been taken.

The appellee's suit was based upon a compromise settlement in which the appellant paid him $1,000, and agreed to pay the hospital and doctors' bills, which hospital and doctors' bills the appellant failed to pay.

The question presented in this appeal is that the evidence went no further than to show that the witness McAnally agreed that the company would pay the doctors' bills, hospital fees, and nurses' charges, and that such charges had not been paid. This proof is challenged as being insufficient to justify the submission to the jury of the inquiry whether the promise to pay the bills had been made by the representative of the company without any intention of same being fulfilled by such company; that there was no evidence of such intension not to pay existing at the time the agreement was made.

It further appears from the evidence in the case that the plaintiff compromised his claim against the surety company for $1,000 and the company's promise to pay the expenses of his sickness—that he received the $1,000, but the company failed to pay such expenses.

In the case of Boerner v. Cicero Smith Lumber Co. (Tex. Civ. App.) 293 S. W. 632, where the lumber company sold Boerner material for the erection of dairy barns, etc., on certain land constituting Boerner's home, and which land was subsequently sold to the state for the sum of $20,000, Boerner removing the improvements, the question involved was: Were the materials sold to Boerner upon his promise to pay for same, which promise was given without any intention on his (Boerner's) part to pay for same made at the time of such purchase? It appears from the evidence, as stated, that the sale was made to the state for the sum of $20,000. Of this sum, $17,000 was deposited in a bank at Ralls, Tex., a town about forty miles from Lubbock, where the transaction occurred; that Boerner was adjudged a bankrupt; that, a short while after making the sale of his homestead, Boerner and wife removed to California and took with them all their movable property and at least $6,000 of the money in cash.

Upon the authority of the decisions cited and quoted in the opinion of this court, we held that the trial court was authorized to submit to the jury the issue that Boerner purchased the materials from the lumber company without any intention of paying for them. Especially did we rely on the opinion of the Supreme Court in the case of Chicago, T. & M. C. Ry. Co. v. Titterington, 84 Tex. 218, 19 S. W. 472, 31 Am. St. Rep. 39.

Application was made for writ of error in the Boerner Case, supra, and the writ was granted by the Supreme Court. The Supreme Court thereupon transferred the case to section B of the Commission of Appeals, and that court reversed the judgment of the trial court and the Court of Civil Appeals and rendered judgment in favor of the defendant Boerner (298 S. W. 545), because there was no evidence to prove that Boerner had the intention at the time he made the trade of not paying for the goods.

While we know that the decisions by the Commission of Appeals are held not to be binding on the Supreme Court unless the holding in the opinion is expressly approved by them, yet the holding of the Supreme Court in approving the judgment of the Commission of Appeals is certainly an indication that the minds of the Supreme Court were so inclined, and we are bound to follow the indication thus given and be governed accordingly.

There being only the fact of the failure of the company to pay the doctors' bills and hospital fees in this case, we reverse the judgment of the trial court and remand the case to said court for a new trial.