## ASSOCIATED EMPLOYERS LLOYDS v. BURNS.

### No. 14798.

Court of Civil Appeals of Texas.
Fort Worth.
Nov. 8, 1946.

Cantey, Hanger, McMahon, McKnight & Johnson, W. B. Thompson, and James C. Wilson, Jr., all of Fort Worth, for appellant..

Rawlings, Sayers & Scurlock, and Nelson Scurlock, all of Fort Worth, for appellee.

McDONALD, Chief Justice.

This is a suit by the employee to set aside a compromise settlement of a claim for workmen's compensation. It is alleged that the employee was induced to make the compromise by reason of false statements made to him concerning his physical condition by the insurer's physician. There is no claim that such statements were made by the physician with knowledge of their falsity, but only that the statements were false in fact.

The employee was injured when a heavy object fell on his back. Because of his injuries he was off work for about six weeks. The insurer's physician, who examined him and treated him, had an X-ray picture made by another physician. The latter in turn made a report in writing to the insurer's physician to the effect that the X-ray picture did not reveal any injury. About six weeks after the date of the accident

the insurer's physician told the employee that he had recovered and could go back to work, and wrote to the insurer a letter reciting that the employee "has recovered and there is no permanent disability." The insurer's representative had this letter with him when the compromise settlement agreement was made with the employee, and the evidence is sufficient to show that the employee saw the letter at that time and that he relied on the statements of the insurer's physician in making the settlement. The physician testified, saying that he told the employee that he had recovered, and had no permanent injury, and that he thought that the employee had recovered.

The employee alleged that the physician represented to him that he had no permanent disability and would recover without difficulty. The trial court submitted an issue inquiring if the physician represented to the employee that his injuries were of a minor nature and that he was able to return to work, and another issue inquiring if the injuries received by the employee were of a serious nature. The jury answered both of these issues in the affirmative. Other findings were made which we need not notice, except to say that these two issues were the only issues which could be interpreted as a finding that the physician made a false representation to the employee concerning his physical condition.

Appellant, the insurer, argues that its motion for judgment non obstante veredicto should have been granted because (a) there was no evidence as to a misrepresentation on the part of the physician, (b) there was no evidence as to a statement by the physician concerning a present existing fact without knowledge of its truth or falsity, (c) there was no evidence as to any wilfulness or intent on the part of the physician to deceive the employee, (d) there were no findings of the jury as to a misrepresentation on the part of the physician, (e) there were no findings of the jury as to a statement of the physician concerning a present existing fact without knowledge of its truth or falsity, and (f) there were no findings of the jury as to any wilfulness or intent on the part of the physician to deceive the employee.

We consider that there was evidence tending to show a misrepresentation by the physician as to the employee's physical condition. It is not contended by the insurer and there is no proof to show that the physician knew that his statement was false, or that there was any intention on his part to deceive the employee. His statement was not merely an expression of an opinion, but was a positive statement as to a present existing fact. He said that the employee had recovered, and that there would be no permanent disability. Even if it could be said that his prediction that there would be no permanent disability, if standing alone, would have been merely an expression of opinion, his statement that the employee had recovered was a statement of fact. As said in Graves v. Hartford Accident & Indemnity Co., 138 Tex. 589, 161 S.W.2d 464, it is not an essential element of fraud that the party charged therewith knew of the falsity of the representation. The opinion in Traders & General Insurance Co. v. Cole, Tex.Civ.App., 108 S.W.2d 864, writ dismissed, discusses at length the distinction between a mere expression of opinion and a statement of fact, and cites many of the pertinent authorities.

But we do not believe that the question of misrepresentation was properly submitted to the jury. The jury were not asked if the physician made either the statement which was alleged or the statement which was proved, but were asked if he represented to the employee that his injuries were of a minor nature and that he could go back to work. Instead of inquiring directly whether the physician made a given statement, the jury was actually called upon to state the effect of whatever the physician may have said to the employee. There is neither pleading nor proof that the physician told him that his injuries were of a minor nature. Also, the jury were not directly asked if the physician's statements were false. The answer to such a question can be found, if at all, only by implication in the findings that the physician represented that the injuries were of a minor nature and that they were in fact serious. The jury might reasonably have

thought that any injuries were serious which kept the employee away from his work as long as six weeks. The terms "minor" and "serious" have such variable meanings that the jury could easily have been misled or confused by their use. The court should have submitted in direct manner the controlling issues in the case, and should not have been left to render judgment upon findings of the jury which can be ascertained only by implication in answers to issues which were not the ultimate issues in the case.

Since we do not know what the pleadings and proof may be on another trial, we shall not undertake to say more with respect to the manner of submitting the case to the jury, nor shall we attempt to discuss the sufficiency of the evidence, further than to say that we think that it was sufficient to raise jury issues as to the falsity of the statement that the employee had recovered and had no permanent disability.

The judgment of the trial court is reversed and the cause is remanded for another trial.