**TRINITY UNIVERSAL INS. CO. et al. v. SOLIZ.**

No. 4799.

Court of Civil Appeals of Texas. El Paso.

May 23, 1951.

Kemp, Lewright, Dyer & Sorrell, Corpus Christi, for appellants.

Luther E. Jones, Jr., Corpus Christi, Lon D. Herbert, Alice, for appellee.

PRICE, Chief Justice.

This is an appeal by J. E. Thomas and H. Ratliff, doing business as Thomas & Ratliff, Trinity Universal Insurance Company, Euleclio Gonzales and Manuel Gonzales from an order overruling their respective pleas of privilege in a suit wherein Bruno Soliz was plaintiff. The above named appellants will be hereinafter designated as appellants and said Bruno Soliz as appellee.

Appellee sought cancellation of a certain release whereby he in consideration of the sum of $778.05 released appellants Thomas & Ratliff, Eulcelio Gonzales and Manuel Gonzales from any and all actions, causes of action, claims, demands, damages, costs, loss of services, expenses and compensation on account of or in any way growing out of any and all known and unknown personal injuries and property damage resulting to or to result from an accident that occurred on or about the 14th day of May, 1948, at or near Alice, Texas. It was averred that appellant Trinity Uni-

versal Insurance Company procured the execution of said release by plaintiff; that in procuring the release said company acted through its adjuster; that said adjuster in the course and scope of his employment advised plaintiff early in June 1948 that it was certain plaintiff would be well within three months, or at most within four months; he further represented that Dr. George W. Wyche, of Alice, Texas, who is the doctor who treated plaintiff for his injuries and who was the doctor employed by said insurance company for said purpose, had advised the company and said agent and employee that plaintiff would be well and able to go back to work within three or at most four months; that said adjuster further represented that he knew from his years of experience in handling cases of the same character from which plaintiff was suffering; that his disability would not last more than three or at the most four months; that said representations of said adjuster were in fact false, known by the adjuster to be false, or he should reasonably have known of their falsity; that the said appellant insurance company made use of such representations by reiterating such advice and emphasizing it to plaintiff as an aid to induce plaintiff to make a compromise settlement of the claims against appellants and relying on such false representations plaintiff did make the settlement aforesaid. That subsequent to the execution of the release appellee instead of gradually mending and getting well in accordance with such representations, gradually became more and more incapacitated as a result of said injuries to such an extent that at the time of filing the petition plaintiff was totally and permanently disabled.

This petition does not aver that plaintiff had a cause of action against any one or more of the appellants. Appellant insurance company filed a plea of privilege asserting its right to be sued in the county of its residence, which was Dallas County. Appellants Eulcelio Gonzales and Manuel Gonzales filed a plea of privilege to be sued in the county of their residence, which was averred to be Nueces County; appellants J. E. Thomas and H. Ratliff com-

posing the firm of Thomas & Ratliff filed a plea of privilege to be sued in the county of their residence, which was averred to be Bell County. In due time appellee filed a controverting affidavit to the various pleas of privilege of appellants, averring that the appellant Trinity Universal Insurance Company, within the meaning of subdivision 7 of Article 1995, Vernon's Texas Statutes, committed a legal fraud in Jim Wells County, Texas, upon appellee; that the other appellants within the meaning of Subdivision 29a, Art. 1995, V. C. S., were necessary parties to such suit. Appellee incorporated by reference his trial petition in the controverting affidavit, and swore to the truth of all the allegations and facts therein stated.

The trial was to the court without a jury, findings of fact and conclusions of law were not demanded nor did the trial court file any such findings or conclusions. Appellee testified at the hearing on the issues raised by the pleas and his controverting affidavit. Appellants rested after appellee had testified.

Appellants urge two points of error: First, that the trial court erred in overruling and not sustaining the plea of privilege of appellant Trinity Universal Insurance Company; Second, that the trial court erred in overruling and not sustaining the pleas of privilege of appellants Thomas & Ratcliff and Eulcelio and Manuel Gonzales.

Appellee alleged in his pleadings that on the 14th day of May, 1948, he was a passenger on a truck belonging to J. W. Crawford, and was on same as an employee of the said J. W. Crawford; that said truck was on that date involved in a collision with another truck belonging to appellants Thomas & Ratliff, and then being operated by their agents. How the appellants Eulcelio Gonzales and Manuel Gonzales were involved in the collision does not appear. The only connection they seem to have with the transaction is that the appellant Trinity Universal Insurance Company obtained from appellee a release from any liability they may have incurred to appellee through said collision. Appellee's petition further fails to aver as to the firm of

Thomas & Ratliff any duty owing to appellee as to the collision in question or the breach of any duty.

■ In order to sustain venue under Section 7, Art. 1995, V. R. S. it is necessary that all of the constituting elements of fraud must appear. These are (1) A false representation made by defendant; (2) the reliance thereon by the plaintiff; (3) action in reliance thereon by the plaintiff; and (4) damage to the plaintiff resulting from such fraud or misrepresentation. Texas Employers Ins. Ass'n v. Kennedy, 135 Tex. 486, 143 S.W.2d 583; Wilson v. Jones, Tex.Com.App., 45 S.W.2d 572, (Op. Adopted); Watson v. Brazelton, Tex.Civ. App., 176 S.W.2d 216; Campbell v. McCowan, Tex.Civ.App. 176 S.W.2d 226.

If appellee was damaged as a result of the release it was because he was debarred from asserting any cause of action against the appellants for the damages occurring to him by reason of the collision occurring on the 14th day of May, 1948, between the truck belonging to appellants Thomas & Ratliff and the truck in which appellee was riding. Appellee fails to show by either pleading or proof that any of appellants were under legal obligation to compensate him for the damage he suffered as the result of the collision in question.

■ In our opinion appellee failed to show damage as a result of appellant insurance company's legal fraud. In order to show damage it was necessary to show a prima facie right to recover damages from the appellants or some of them other than the insurance company in excess of the $778.00 paid by appellant insurance company for the release.

■ It is thought that the appellants other than the insurance company are necessary parties to an action to set aside this release within the meaning and intent of Section 29a of Article 1995. If the release is valid it debars appellee from asserting any cause of action against them. It is clear that their rights could in no way be affected by a voluntary rescission between the appellant company and appellee. No good reason is presumed, however, why a contract for their benefit, brought about by the fraud of appellant insurance company, should not be rescinded in a suit to which such appellants were parties.

■ The judgment of the trial court overruling the pleas of privilege is reversed, and the cause remanded. The reversal and remand is ordered for the reason that the case has been disposed of on the appeal on a somewhat different theory from that upon which it was tried in the trial court. Lanford v. Smith, 128 Tex. 373, 99 S.W.2d 593; Benoit v. Wilson, Tex.Sup., 239 S.W.2d 792.

It is thought plaintiff should have another opportunity to sustain the venue in Jim Wells County.