**CONTINENTAL CASUALTY CO.
v. LYNCH.
No. 3013.**

Court of Civil Appeals of Texas.
Eastland.
May 1, 1953.

Rehearing Denied May 22, 1953.

Robertson, Jackson, Payne, Lancaster & Walker, Dallas, for appellant.

G. C. Harris, Greenville, John W. West, Dallas, for appellee.

LONG, Justice.

E. L. Lynch instituted this suit against Continental Casualty Company to set aside a compromise settlement of his claim for Workmen's Compensation on the ground of fraud. Continental Casualty Company filed its plea of privilege to be sued in Dallas County, the county of its residence. Lynch duly controverted such plea and sought to hold venue in Hunt County under Exceptions 7 and 23 of Article 1995, Vernon's Annotated Revised Civil Statutes. Upon a hearing before the court without a jury, the plea of privilege was overruled. Continental Casualty Company has appealed.

The evidence shows that appellee, on December 11, 1950, while working for A. B. Anderson Lumber Company at Greenville, in Hunt County, sustained a personal injury. At the time of his injury he was removing lumber from a box car and placing same on a truck; that he fell off the truck and was thereby injured. The employer of appellee was notified of the accident and appellee was immediately taken by an employee of the lumber company to the hospital where he was treated by Dr. Vallancey. Dr. Vallancey sent him to the Carroll Clinic in Dallas where he received treatment. Dr. Vallancey also continued to treat appellee. The evidence shows that appellee was under the treatment of Dr. Vallancey and Dr. Barnes for eight weeks after his injury. At the end of that time he was discharged by Dr. Vallancey. Appellee testified as to what occurred at the time of his discharge by Dr. Vallancey as follows:

"Q. Did he finally discharge you? A. Yes, sir.

"Q. What did he say? A. He said: 'You go on home now and in a few days you will be able to go back to work.'

"Q. That was somewhere then, as I get from what you said, somewhere in a period of eight weeks after you were hurt? A. Something like that.

"Q. Did you go back home then? A. Yes, sir."

After appellee returned home the claim agent for appellee visited him and appel-

lee executed a settlement of his claim for compensation for the sum of $82.00.

Appellee testified, in part, as to what was said to him by the claim agent at the time of the settlement as follows:

"Q. What did he say about your condition and about Dr. Vallancey? A. He said Dr. Vallancey told him that I would be able to go back to work in a few days.

"Q. What did he say? A. Well, he said I would be able to go back to work."

Appellee testified that he relied on the statement made by the doctor and the claim agent and was induced thereby to sign the compromise settlement agreement. The evidence is undisputed that these statements were made to appellee at his home in Greenville, Hunt County.

About three weeks after appellee made the settlement of his claim he reported to the A. B. Anderson Lumber Company but failed to receive employment. Prior to his injury appellee was a strong, able-bodied man and had never had an injury. This was his first claim for compensation. Dr. Whitten, testifying in behalf of appellee, was of the opinion that appellee had a fifty percent incapacity to do the type of labor he was performing at the time of his injury, and further, that such injuries were permanent.

Appellant contends in substance that the evidence is insufficient to show that appellee was induced to execute the compromise settlement by fraudulent representations. We believe the facts in this case come squarely within the rule as announced by Judge Taylor, while a member of the Commission of the Supreme Court, which opinion was approved by the court in Graves v. Hartford Accident & Indemnity Co., 138 Tex. 589, 161 S.W.2d 464. In that case it was held that where an employee suffered serious injury and compensation insurer's physician falsely stated to employee that the injury was not serious, and that, in reliance on such false statement, the employee was induced by the compensation insurer's agent to settle the compensation claim for a nominal sum, established a legal fraud which could form the basis for cancellation of the settlement notwithstanding the physician did not know that the employee was contemplating settlement at the time the statement was made. In the instant case, Dr. Vallancey stated to appellee that he would be able to return to work within a few days. Appellee had been under the treatment of this doctor continuously from the time of his injury until a short time before the compromise settlement was made. Appellee had a right to believe that the doctor knew the nature and extent of his injury and whether the same was of such a nature as would prevent him from doing the same kind of work he was performing at the time of his injury. The statement of the doctor that "you will be able to return to work within a few days" is susceptible to the construction that appellee was not seriously injured and that he did not have any permanent disability. This statement by Dr. Vallancey was used by the claim agent in making the settlement. He repeated such statement to appellee at the time the settlement was made. See Jones v. Traders & General Ins. Co., Tex.Civ. App., 188 S.W.2d 739.

We believe appellee has met the burden required by law to show that appellant, through its agent, made false representations to appellee in Hunt County and that the court, therefore, did not err in overruling the plea of privilege and holding venue in that county under Subdivision 7 of Article 1995, Vernon's Annotated Revised Civil Statutes. We have concluded that the evidence is sufficient to sustain the implied finding of the trial court that Dr. Vallancey was the agent of appellant.

The judgment of the trial court is affirmed.