Milton HENRY, Appellant,

v.

TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellee.

No. 6797.

Court of Civil Appeals of Texas.

Texarkana.

April 21, 1955.

Hardy & Clapp, Tyler, for appellant.

Ramey, Calhoun, Breisford & Hull, Vincent Ferrell, Tyler, for appellee.

DAVIS, Justice.

Appellant-plaintiff sued appellee-defendant in the District Court of Smith County to set aside a compromise settlement agreement. Appellant alleged that he sustained an injury in the course of his employment with Atlas Roofing Company on June 5, 1953, and on September 11; 1953, he signed the compromise settlement agreement which he executed for a consideration of $250 in addition to some $325 that had been paid to him in weekly compensation payments. He alleged that he executed the compromise settlement agreement based upon representations made to him by the agents, servants and employees of appellee. He also alleged that the statements made to him were false and were made for the purpose of inducing

him to enter into a compromise settlement agreement and that in believing and relying upon such false representations he was defrauded out of the sum of approximately $9,975.

Appellee filed its plea of privilege to be sued in Dallas County, the county of its residence. Appellant controverted the plea of privilege and only alleged the exception provided by sec. 7 of Art. 1995, R.C.S. Vernon's Ann.Civ.St. art. 1995, subd. 7, to try to maintain venue in Smith County. The exception alleged provides:

> "In all cases of fraud, and in all cases of defalcation by public officers, suit may be brought in the county where the fraud was committed or where the defalcation occurred, or any of such suits may be brought where the defendant has his domicile."

Trial was before the court without a jury. Appellant was called as a witness in his own behalf and testified that he *did not* believe or rely upon the statements and representations of the agents, servants and employees of appellant at the time he executed the compromise settlement agreement. We also find from the record that he failed to prove a prima facie case. Appellant testified that he received an injury on the date alleged and that he was not able to do the type of work at the time of the trial that he was doing at the time of the injury. He failed to show that any disability from which he was suffering at the time of the trial was the result of the injury he sustained while in the employ of Atlas Roofing Company. There is no evidence to show that the degree of appellant's injury was such that he would be entitled to receive more money than was paid to him in compensation and the compromise settlement agreement.

■ The trial court did not file findings of fact and conclusions of law. Therefore, we must presume that all fact issues were found against appellant.

Appellant brings forward only one point of error which complains of the action of the trial court in sustaining the plea of privilege because he contends that the proof was sufficient to show all the acts of the elements of fraud were committed by appellee in Smith County.

■ It is the well-established rule of law that in order to sustain venue under sec. 7, Art. 1995, R.C.S., it is necessary that one allege and prove the following:

1. A false representation made by defendant;

2. The reliance thereon by plaintiff;

3. Action in reliance thereon by plaintiff;

4. Damage resulting to the plaintiff from such false representation.

Trinity Universal Ins. Co. v. Soliz, Tex. Civ.App., 241 S.W.2d 625, no writ history; and authorities cited therein. The trial court found, as revealed by his judgment sustaining the plea of privilege, that appellant failed to meet these requirements, and the record amply supports such findings.

■ The only basis of appellant's cause of action was alleged fraud and the only relief sought was predicated upon fraud and it was incumbent upon appellant in order to establish venue in Smith County to show a probable fraud was committed on him there, or to offer sufficient evidence to reasonably raise an issue of fact thereon. This he failed to do. Benson v. Travelers' Ins. Co., Tex.Civ.App., 40 S.W.2d 966, error dism.; Neyland v. Benson, Tex.Civ.App., 292 S.W. 251; Benson v. Jones, 117 Tex. 68, 296 S.W. 865; Austin v. Grissom-Robertson Stores, Tex.Civ.App., 32 S.W.2d 205, error dism.; Pool v. Joy, Tex.Civ.App., 61 S.W.2d 581; McAlister v. Eclipse Oil Co., Tex.Civ.App., 79 S.W.2d 895; Sabens v. Smith, Tex.Civ.App., 118 S.W.2d 324; Pettit v. Campbell, Tex.Civ.App., 149 S.W.2d 633.

Finding no error in the record, the judgment of the trial court is affirmed.