**Earl DAVIS, Appellant,**

v.

**Dick DAVIS, Appellee.**

No. 15925.

Court of Civil Appeals of Texas.

Fort Worth.

une 13, 1958.

M. Hendricks Brown and Walter E. Jordan, Fort Worth, for appellant.

Jennings & Montgomery, and Elton M. Montgomery, Graham, for appellee.

RENFRO, Justice.

This is a venue case. Plaintiff Dick Davis sued defendant Earl Davis in Jack County for damages growing out of a collision between plaintiff's pickup truck and defendant's automobile. Defendant's plea of privilege to be sued in Tarrant County was overruled.

Defendant contends there was no evidence, or insufficient evidence, of probative force to show negligence and proximate cause on the part of defendant.

Plaintiff pleaded, among other alleged acts of negligence, that defendant was driving at a rate of speed too fast for the time and place and under the circumstances then and there existing.

Plaintiff testified that on the occasion in question he was traveling east on State Highway 199. In the town or community center of Jermyn, Jack County, he turned left to go to the Jermyn postoffice, which was located to the north of the highway. Before making his left turn he looked east, west, then east again. He did not see defendant's car approaching from the east.

The highway was straight and level. At the time of the impact the front wheels of his pickup were off the highway and "probably the back wheels." It was a foggy day with visability limited from 300 to 400 feet. The highway was wet and slick from earlier rain. The accident occurred between 4:00 and 4:30 P.M. Defendant told plaintiff he did not see plaintiff prior to the collision.

The witness Mrs. Asberry heard defendant tell a highway patrolman, shortly after the collision, that he was driving 60 miles per hour at the time of the collision.

Defendant did not testify.

Findings of fact were not requested or filed.

▇ Where no findings of fact are filed in a case tried without a jury, we must view the evidence in the light most favorable to the judgment of the trial court. 3–B Tex.Jur. 388.

▇▇ In passing on the sufficiency of the proof in a venue case, the rule is that if, discarding all adverse evidence and giving credit to all the evidence that is favorable to the successful party, and indulging every reasonable conclusion that is favorable to him, a trier of facts might have found in his favor, then it is to be concluded that there is evidence to support the finding. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97. Applying the foregoing rules, we think the evidence that defendant was driving in the town of Jermyn at 60 miles per hour on a slick highway, with fog limiting his vision from 300 to 400 feet, is sufficient to uphold the trial court's implied finding that defendant's speed, under the existing conditions at said time and place, was negligence and a proximate cause of the collision.

Judgment affirmed.