TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,

v.

Carl W. WEST, Appellee.

No. 13356.

Court of Civil Appeals of Texas.

Houston.

Jan. 15, 1959.

Sam H. Hood, Austin O. McCloud, Houston; Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, of counsel, for appellant.

Robert C. Koonce, Angleton, for appellee.

BELL, Chief Justice.

This is an appeal from an order of the trial court overruling appellant's plea of privilege to be sued in Dallas County, the county of its residence. The appellee brought suit in Brazoria County seeking to set aside a settlement agreement he had made with appellant's agent settling a claim for compensation which appellee asserted because of injuries he allegedly received while working for Tellepsen Construction Company.

Appellee in his petition alleges that he was totally and permanently disabled when he was injured in an explosion on February 12, 1957. He alleges that he was induced by appellant's agent to make a settlement of his claim on May 1, 1957, by the representation of the agent (Mr. Dennis) that the agent knew many of the contractors doing work in the area of the Dow Chemical Company plant and that he would get appellee a light job. He alleges such representation was false; that he relied upon it and he was thus damaged because he settled for $1,925, this amount being made up of $175 theretofore paid him as compensation and $1,750 paid in connection with the release given by him.

There are other allegations, but these are all that are material to the disposition of this appeal.

Appellee seeks to maintain venue in Brazoria County under Subd. 7 of Article 1995, Vernon's Ann.Civ.St. which provides for the maintenance of suits for fraud in the county where the fraud was committed.

Trial was before the court without a jury. The trial judge made his findings of fact and conclusions of law. We will note only such of them as bear on issues involved on appeal. These are:

Findings of Fact

"3. That at the time of the injury Carl W. West was earning a wage of $3.45 per hour and worked an average of 40 hours per week.

"4. That Carl W. West had not worked for said Tellepsen Construction Company substantially the whole of the year immediately preceding his injury on February 12, 1957.

"5. That no other persons doing the same kind of work as the said Carl W. West had worked substantially the whole of the year immediately preceding the injury to Carl W. West on February 12, 1957.

"6. That prior to the injury * * * Carl W. West was able to, and was completely fulfilling the duties of his work.

"7. That after the explosion and resulting injuries, * * * Carl W. West was unable to perform the type of work he was doing prior to the injury.

"9. That * * * Jack Dennis was employed by Texas Employers' Insurance Association.

"10. That said Jack Dennis promised Carl W. West a light job which said Carl W. West could perform, if he * * * would accept $1,750.00 for his * * * claim.

"11. That Carl W. West believed the promise * * * made to him by Jack Dennis.

"13. That Carl W. West would not have signed the compromise settlement except for the promise * * *

"14. That the said Carl W. West did not and has not received such employment as promised * * *"

### Conclusions of Law

"3. That a fair, reasonable and just weekly wage * * * was the sum of $136.00 per week.

"4. That as a result of the injuries * * * he has become totally and permanently disabled * * *

"6. That the promise of Jack Dennis * * * was false and knowingly made for the purpose of inducing Carl W. West to execute the said compromise settlement agreement.

"7. The acts and conduct of Jack Dennis * * * constituted fraud under the purview of Section 7, Article 1995 * * *"

There is no dispute between the parties concerning the legal requirements. To be able to maintain this suit in Brazoria County, these elements must be established:

1. A false representation made by the defendant or his agent.

2. Reliance on the representation by the plaintiff.

3. Action in reliance thereon by plaintiff.

4. Resulting damage to plaintiff.

In the plea of privilege hearing the burden was on appellee to establish by evidence each of these elements.

Appellant predicates his appeal on the following:

1. The trial court erred in concluding that the promise of Jack Dennis to get a light duty job for appellee was false and knowingly made for the purpose of inducing appellee to execute the settlement agreement because there was no evidence to support the conclusion, or, at least, the evidence was insufficient. The basis of such contention is that the evidence merely shows a promise to do something in the future and a breach of that promise, and this is not of itself proof of the absence of an intention to perform at the time the promise was made.

2. The trial court erred in finding that no other persons doing the same kind of work as appellee had worked substantially the whole of the year immediately preceding the injury because there was no evidence to support such finding, or, in any event, the evidence was insufficient. Related to this is asserted error in the conclusion by the court that wage rate should be determined under Subsection 3 of Section 1 of Article 8309, Vernon's Ann.Tex. Civ.St., and that a fair weekly wage was $136. This complaint is made because the evidence consisted only in the testimony of appellee that he knew of no persons doing the same type of work in the locality who had worked substantially the whole of the year immediately preceding the injury, and appellee, so it is asserted, was not shown to have been in a position to know the facts in this regard.

3. The trial court erred in finding appellee was totally and permanently disabled as a result of injuries received in the explosion of February 12, 1957, because there is no evidence supporting such conclusion, or, alternatively, the evidence was insufficient. In this connection it is asserted that the only testimony is to the effect that appellee was able to competently perform his work prior to the explosion and had been unable to work at the same type of work since the explosion. The real significance of the second and third of appellant's contentions is that, assuming fraud, appellee has failed to show any damage resulted to him.

We must review the testimony. The only witnesses other than the doctor were Mr.

and Mrs. West. They both testified that Mr. Jack Dennis, the representative of appellant, promised Mr. West that he would get a light job for him. The agent stated he knew many of the contractors or men working for the contractors and he would get a light job for Mr. West. Mr. Dennis did not mention any particular contractor. At the time of the injury Mr. West was working for Tellepsen Construction Company. Mr. West testified he worked at Tellepsen a few days between the time of his injury and the settlement of May 1, 1957. He talked to Mr. Lebow when they finished the job he was doing and Mr. Lebow told him he would give him an easy job and told Mr. West to look him (Lebow) up. He has never been able to contact Mr. Lebow. (There is no contention made concerning this promise of Mr. Lebow and there obviously could be none as it had nothing to do with settlement.) Mr. West also talked to some foreman on the job for Tellepsen. However, he also testified that neither the superintendent nor foreman could give him a job but his business agent (presumably the business agent of the Union) had to give him any job at Tellepsen. Neither Mr. nor Mrs. West had seen or talked to Mr. Dennis since the settlement. Mr. Dennis had not gotten Mr. West a light job, or any job.

This is the substance of all of the testimony bearing on the issue of fraudulent representation.

The court was, of course, correct as is tacitly conceded, in concluding that the promise was made by Mr. Dennis that he would get a light job for Mr. West.

We have, however, concluded that the trial court was in error in concluding that the promise made was false, because there is no evidence establishing the absence of an intent to perform at the time it was made.

■■■ Where there is a promise to do something in the future, there is no false representation of fact unless the person making the representation intended not to perform at the time he made the promise. It is established by the authorities that a breach or mere failure to perform the promise does not itself establish the absence of an intention to perform, at the time the promise was made. Federal Surety Company v. Blackwood, Tex.Civ.App., 46 S.W. 2d 1062, no writ history; Davis v. Commercial Standard Ins. Co., Tex.Civ.App., 194 S.W.2d 599, n. r. e.; Miller Mfg. Co. v. Provine, Tex.Civ.App., 17 S.W.2d 128, no writ history; Turner v. Biscoe, 141 Tex. 197, 171 S.W.2d 118; Boerner v. Cicero Smith Lumber Co., Tex.Com.App., 298 S.W. 545.

■■■ An analysis of the evidence before us shows nothing but a promise to get Mr. West a light job and that Mr. Dennis has not gotten him a light job. However, the evidence shows that Mr. West has made no effort to contact Mr. Dennis to let him know he did not have a light job, and thus was in need of Mr. Dennis' help. There is no evidence to show that Mr. Dennis ever knew Mr. West had been unable to get a job. There is no evidence of any refusal by Mr. Dennis to perform after being notified of Mr. West's need.

Appellee cites the following cases: Continental Casualty Co. v. Lynch, Tex.Civ. App., 257 S.W.2d 778; Henry v. Texas Employers' Ins. Ass'n, Tex.Civ.App., 279 S.W.2d 614, and, Texas Employers' Ins. Ass'n v. Kelly, Tex.Civ.App., 261 S.W.2d 480.

In the Lynch case there was not involved a promise to do something in the future. The fraud consisted in the false representation by a physician of the compensation carrier concerning the present physical condition of the employee.

In the Henry case the nature of the representations is not disclosed by the opinion. The case merely sets out what must be established to set aside a release. The case held there had been a failure to establish fraud.

In the Kelly case this Court held that where the agents of the carrier and the employer induced the employee to settle his claim by the representation that the employee would have his job with his employer as long as he wanted it and then discharged the employee immediately after the settlement was approved by the Industrial Accident Board, there was evidence, and it was sufficient to support the trial court's conclusion, that the promise was false when made. The fact and time of discharge certainly were of significance.

Also we are of the view that there was no competent evidence showing that no persons in the same work had worked substantially the whole of the year immediately preceding the injury.

Before computation of weekly wage can be made under Subsec. 3 of Sec. 1, Article 8309, it must be shown that the employee has not worked substantially the whole of the year and that no persons in the same work in the general locality have worked for substantially the whole of the year. Texas Employers' Ins. Ass'n v. Ford, 153 Tex. 470, 271 S.W.2d 397.

The only evidence in this case with regard to whether no persons had worked substantially the whole of the year is the testimony of appellee that he knew of no such persons. This testimony would suffice if it were shown that appellee was in a position to know the facts. However, there is no evidence showing appellee was in any position to know. He did testify he had been in his type of work 30 years, but it is not shown where he did his work. Too, it appears he had been working on the job where he was injured for only three or four months and within the year preceding he had been working in the State of Michigan. Whether his stay in Michigan was temporary is not shown. The testimony just shows that a person who had worked in Brazoria County three or four months and who had been in Michigan a part of the year preceding the injury concluded no other persons had worked substantially the whole of the year. Neither is it shown he had made any investigation to determine this fact.

Appellee has cited I. C. T. Ins. Co. v. Wineman, Tex.Civ.App., 308 S.W.2d 549, ref. n. r. e.; and Commercial Standard Insurance Co. v. Villa, Tex.Civ.App., 313 S.W.2d 627, ref. n. r. e.

In the Wineman case the employee was shown to have been in a position to know because he had worked several years in and around Ector County, where the injury occurred, as a tool dresser and knew of no one who had worked substantially the whole of the preceding year. He was in a position to know and not knowing of anyone who had so worked, there presumably was no one who had done so.

Substantially the same situation was present in the Villa case. There the employer, a contractor, who had worked for many years in and around Howard County, where the injury occurred, testified he knew of no one who had worked substantially the whole of the year in the work Villa was doing. The evidence affirmatively showed the employer was in a position to know.

The evidence shows that immediately before the explosion appellee was able to hold down his job with competence. It further shows since the explosion he has been unable to do heavy work such as he had been doing. This testimony comes both from appellee and the doctor. Prior to the explosion appellee had some trouble with his heart. However, the condition was not disabling. No other explanation for his condition is given by anyone than that the injuries received in the explosion were the producing cause of his disability. Obviously the condition was aggravated to the extent that appellee was, as found by the trial court, totally and permanently disabled within the meaning of the Compensation law.

For the reason there was no proof of fraud and no proof of wage rate, the case

must be reversed. However, we are of the view that the evidence was not fully developed, and the case will therefore be reversed and remanded.