**E. P. MADISON, Appellant,**

v.

**John L. HARPER, Appellee.**

**No. 7523.**

Court of Civil Appeals of Texas.

Amarillo.

Oct. 18, 1965.

Barber & Barber, Colorado City, for appellant.

Witherspoon, Aikin, Thomas & Langley, Hereford, for appellee.

DENTON, Chief Justice.

This is an appeal from an order overruling the defendant's plea of privilege. John L. Harper filed suit against E. P. Madison in Deaf Smith County, Texas, for damages for alleged fraud in connection with the sale of land by Madison to Harper. Madison filed a plea of privilege to be sued in Martin County, Texas, his legal residence. Harper's controverting affidavit seeks to maintain the suit in Deaf Smith County under Subsection 7, Article 1995, Vernon's Ann.Civ.St., the subsection which provides that suit may be brought in the county where the fraud was committed. The trial was before the court without a jury. No findings or conclusions were requested or filed.

Appellee brought suit for damages for alleged misrepresentations by appellant concerning the available irrigation water supply under the 400 acre farm sold by appellant to appellee. The land was located in Castro County, but it is alleged the misrepresentations took place in Deaf Smith County, the county where suit was filed. In substance, appellee's cause of action is based on allegations that the value of the land was materially reduced when it was discovered the representations by appellant that an adequate and sufficient supply of irrigation water under the land was available was in fact untrue.

■ It is well settled that in order to maintain venue under Subsection 7 of Article 1995, the burden is on appellee to allege and prove the following material elements of fraud: a false representation made by the defendant; the reliance thereon by the plaintiff; action in reliance on such representation by the plaintiff; and damages resulting to the plaintiff from such representation. Trinity Universal Ins. Co. v. Soliz (Tex.Civ.App.), 241 S.W.2d 625; Traders & General Ins. Co. v. Smith (Tex. Civ.App.), 369 S.W.2d 847. Contrary to appellant's contention, the necessary elements of fraud were properly alleged by appellee.

■ Appellant, by the first six points of error, contends there is no evidence to support the trial court's implied findings on each of the elements constituting fraud. In passing upon the law question of no evidence to support the implied findings of the trial court, we are required to follow the well-established rule that if discarding all adverse evidence and giving credit to all evidence that is favorable to the successful party, and indulging every reasonable conclusion that is favorable to him, a trier

of the facts might have found in his favor, then it is to be concluded that there is evidence to support the finding. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97; Davis v. Davis (Tex.Civ.App.), 314 S.W.2d 866.

■ We will therefore review the evidence in accordance with this rule. Madison listed his farm for sale with Virgil Justice, a real estate agent of Hereford, Texas. Justice testified Madison informed him that there were two eight-inch and two six-inch wells on the farm; that they were good wells; that the farm was not in a fringe area; "that this was absolutely good water and I had nothing to fear." Justice testified that these representations were made to him by Madison in Deaf Smith County, and that he passed this information on to Harper. Harper confirmed this, and testified further that Madison had agreed with Oliver Streu, employee of Justice, that the four wells would pump at least 2100 gallons of water per minute. There was further testimony to the effect that Madison had represented that there was adequate water to irrigate the crops permitted to be planted under the farm's government allotments. There was testimony Madison told Harper that one of the wells had been worked on prior to their negotiations, but did not reveal that the work consisted of replacing the well's pump, which reduced its output from 1000 gallons per minute to 350 gallons per minute. Several witnesses testified that the wells were inadequate to properly water the crops during the summer of 1963, the first growing season after Harper purchased the farm on February 9, 1963. Harper testified that after the initial "drawdown" in the summer of 1963, the four wells would only supply sufficient water for sixteen two-inch tubes to distribute water; whereas, one good eight-inch well would normally support fifty two-inch irrigation tubes. Justice, who observed the wells in operation in the summer of 1963, corroborated this testimony. Harper drilled two additional wells subsequent to a purchase of the farm, but they proved to be unsatisfactory. He

positively testified he relied upon the representations made by Madison and would not have purchased the farm if there had been any question concerning the adequacy of the water. It is undisputed Harper purchased the 400 acre farm for $375 per acre. Evidence was presented which placed the value of the land at this figure had there been a water supply as it was represented. A qualified witness testified the market value of the land at the time of the purchase would have been between $200 and $225 per acre if the water supply at that time had been as he found it to be in the summer of 1963.

After reviewing the evidence in the light most favorable to the appellee and disregarding all adverse evidence, we conclude there was evidence to support the implied findings of the trial court, for venue purposes, that the necessary elements of fraud were properly alleged and proved.

■ Appellant's last point complains of the failure of the trial court to disqualify appellee's attorney. By brief appellant urges the proposition that since one of the appellee's attorneys of record prepared the written contract of sale and deed consummating the sale out of which this case arose, all members of that firm are disqualified to represent appellee in this cause. The hearing on appellant's plea of privilege was heard by the trial court on November 19, 1964. The trial court took the matter under advisement and signed and entered its order overruling the plea of privilege on February 9, 1965. Appellant's written motion to disqualify appellee's attorneys was signed and sworn to by appellant on February 5, 1965. It was filed on February 10, 1965. This record does not reflect appellant's motion was ruled on by the trial court nor even presented to the court for a ruling. Under such a state of the record nothing is presented for review. Imle v. Brill (Tex. Civ.App.), 234 S.W.2d 288; Garcia v. Tubbs (Tex.Civ.App.), 300 S.W.2d 736, (Refused, NRE).

The judgment of the trial court is affirmed.