Ralph HUTCHINSON, Appellant,

v.

MILLERS FLYING SERVICE, INC.,
Appellee.

No. 7675.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 30, 1967.

Rehearing Denied Feb. 27, 1967.

Lemon, Close & Atkinson, Perryton, R. D. Lemon, Perryton, of counsel, for appellant.

LaFont, Tudor, Tunnell, Formby & Reep, Plainview, Bill LaFont, Plainview, of counsel, for appellee.

DENTON, Chief Justice.

This is an appeal from an order overruling appellant's plea of privilege to be sued in Lipscomb County, the county of his residence. Appellee, Millers Flying Service, brought suit in the County Court of Hale County against Ralph Hutchinson to recover on a sworn account and in the alternative on a cause of action of fraud based on the misrepresentation of appellant that he would pay for the airplane radio when it was installed. Plaintiff's controverting affidavit asserted venue in Hale County under Subdivision 7 of Article 1995, Vernon's Ann.Civ.St., the exception relating to fraud. Appellee's controverting affidavit asserts only tthe alternative cause of action of fraud.

Marlin Miller, one of the owners of the appellee company, was the only witness. In the latter part of 1965 or early January of 1966 Miller and Hutchinson traded airplanes. Shortly thereafter, Hutchinson called Miller in Plainview from Amarillo and informed him of some difficulty he was having with the radio in the airplane he acquired from appellee. Miller then

agreed to sell him a new radio at a reduced price as they felt obligated to "stay behind that radio". Miller then sent a new radio by bus to Amarillo where a Mr. Carpenter, a radio man, installed it in Hutchinson's plane. Miller testified: "I told him we would (sell the radio to him) except that he would have to pay for it before he left with it and that I would ship it up on the bus and Mr. Carpenter would get the money from him for this new radio; and I even went so far as to talk with Mr. Carpenter after I talked with Mr. Hutchinson, to tell him that was a condition, that he would have to have the money in his hand before we let him leave with the new radio." This occurred on January 27, 1966. When Carpenter installed the new radio on that date Hutchinson left a check with Carpenter in the amount of $350.00, the agreed purchase price, payable to Miller. Hutchinson then flew to Dallas and returned to Amarillo some two days later. He again telephoned Miller and informed him the new radio was not working properly and asked if another radio could be provided for a trip he was to make to California. Miller sent a second new radio to Carpenter in Amarillo in exchange for the first new one, which he then installed in Hutchinson's plane. On February 1, some two days after the second radio was installed, an employee of Millers was in Amarillo and took the check given to Carpenter on January 27. Appellee then deposited the check for collection through the usual banking channels. When it reached the bank in Perryton, the bank upon which it was drawn, it was not paid because Hutchinson had directed that bank to stop payment on the check. The check was returned to Miller on February 11. Miller testified he had no other conversations with Hutchinson after the second radio was installed. Efforts by Miller to contact Hutchinson to collect the money on the check failed and they finally wired him to either return the radio or "send us a cashier's check". Hutchinson replied by telegram that Miller could contact his attorney.

■ It is settled that in order to maintain venue under Subdivision 7, the burden is on the plaintiff to allege and prove a false representation made by the defendant; the reliance thereon by the plaintiff; action and reliance on such misrepresentation; and damages resulting to the plaintiff. Madison v. Harper (Tex.Civ. App.) 395 S.W.2d 842; Trinity Universal Insurance Co. v. Soliz (Tex.Civ.App.) 241 S.W.2d 625.

■ The misrepresentation alleged was that Hutchinson represented "that such check would be paid" by the drawee bank. In order to prove actionable fraud the evidence must support the trial court's implied finding that Hutchinson had no intention of paying the check at the time he secured the radio. McDonald v. Peebles (Tex.Civ.App.) 267 S.W.2d 476; Waller Peanut Co. v. Lee County Peanut Co. (Tex. Civ.App.) 209 S.W.2d 405. There is no evidence in this record to support this implied finding. In fact, the circumstantial evidence and reasonable inferences from Miller's own testimony tends to support the contrary conclusion. Hutchinson gave the check in controversy at the time the first new radio was installed. He used it two or three days at which time another new radio was installed. Complaints were made that neither radio worked properly. There is no evidence when or why Hutchinson issued his stop payment order. We conclude there is no evidence that actionable fraud was committed.

The judgment of the trial court overruling appellant Hutchinson's plea of privilege is hereby reversed and judgment entered directing the clerk to transfer the cause to the County Court of Lipscomb County, Texas.