**L. A. Jamison MONROE, Appellant,**

**v.**

**Thomas G. MERCER et al., Appellees.**

**No. 14994.**

Court of Civil Appeals of Texas.

Houston.

April 20, 1967.

Rehearing Denied May 11, 1967.

Fred W. Moore, Vinson, Elkins, Weems & Searls, M. C. Chiles, Houston, for appellant.

Rawlings, Sayers, Scurlock & Eidson, Reagan Sayers, A. Wm. Brackett, Fort Worth, Butler, Binion, Rice, Cook & Knapp, John L. McConn, Jr., Houston, for appellees.

WERLEIN, Justice.

This suit was brought by L. A. Jamison Monroe, a resident of Harris County, Texas, against Thomas G. Mercer, a resident of Tarrant County, Texas, and T. E. Mercer Trucking Company, a Texas corporation with its principal office in Fort Worth, Tarrant County, Texas. Appellees filed their respective pleas of privilege praying that the cause of action be transferred to Tarrant County. Appellant filed his controverting affidavit and alleged that appellant's action was based primarily on fraud committed in Harris County, Texas, and that venue was in Harris County under Section 7, Article 1995, Vernon's Annotated Texas Civ. Statutes, since fraud was the gist of appellant's cause of action.

Appellant alleged that appellee made false representations to appellant in Harris County; that he relied upon such false representations and because thereof resigned his employment in Houston and moved to Tarrant County, Texas; that his reliance on appellee's false representations resulted in great damage to him, such damages being more particularly set out in his petition. The pertinent allegations of the petition were adopted as a part of the controverting affidavit, and were properly verified.

The trial court entered an order after hearing the evidence, transferring the case to the District Court of Tarrant County, Texas. Appellant contends that the court

erred in so doing for the reason that appellee Mercer falsely represented in Houston to appellant that he, Mercer, owned oil interests in New Mexico and east Texas which were then producing a revenue of $5,000.00 to $6,000.00 per month above operating costs, and that said appellee agreed in Houston to assign a one-half interest in same to appellant if he would go to work for appellees; that appellant believed and relied upon such false statements, and left his valuable employment in Houston with Armco Steel Corporation because thereof, and went to work for appellees, to his damage; that appellees owned no mineral interests producing such revenue, and that appellee's false statements with reference to said oil producing properties were in effect admitted by appellee Mercer, and established by the great preponderance of the evidence. Appellant also asserted that appellees never intended to perform their contract which was partly verbal and partly written, and made in Harris County, and that the false representations which induced appellant to agree to a contract of employment were falsely made in Harris County, and were intended to induce appellant to leave his gainful employment in Harris County and move to Fort Worth.

 We have carefully read the statement of facts, and all the evidence adduced at the hearing and are of the opinion that the record contains ample evidence which would support an implied finding by the trial court that in making whatever representations that were made, appellee Mercer was acting individually and not as an agent of the T. E. Mercer Trucking Company, and that the court was warranted in transferring the case to Fort Worth insofar as the Trucking Company is concerned.

It is also our view, after a careful study of the record, that there is ample evidence which would support an implied finding by the trial court that Mercer intended to perform his promise at the time he made the same, and that he did not intend to induce appellant to leave his gainful employment

in Harris County and move to Fort Worth so that he, appellee, could beat appellant down and change the terms of the agreed contract consummated in Harris County in a manner to suit appellee, as appellant has asserted.

The evidence clearly shows that appellee Mercer represented in Houston, Texas, to appellant that he, Mercer, owned oil interests in New Mexico and east Texas which were producing a revenue of at least $5,000.00 per month above operating costs. The evidence is undisputed that appellant was undecided about giving up his position with Armco and going to work for appellee. He insisted that he be given something in addition to the salary which appellee would pay him. He was induced to resign from Armco when Mercer agreed to give him one-half of the oil interests in New Mexico and east Texas. He testified that Mercer said, " * * * he felt this would get me off center in making the decision to join his firm." Mercer testified that he promised Monroe, in order to get him to come to work, that he would assign and transfer to Monroe a one-half interest in the New Mexico and Anderson County property that would net him approximately $2,750.00 or $2,500.00 a month after the indebtedness against the same was paid off. It was this representation that caused appellant to leave his Houston employment and to go to work for appellee. The evidence shows that appellant, at the time the representation was made by Mercer, had a very lucrative position with Armco Steel Corporation in Houston, and was making a salary at that time of $41,000.00 per year, with fringe benefits consisting of a thrift plan, medical insurance, hospitalization, life insurance and a substantial pension of $1,250.00 per month. He was 46 years old and had spent approximately 19 years with Armco.

The evidence further shows that appellant left his employment with Armco on the last day of March, 1965, and reported in Fort Worth the next day to go to work for appellee. The evidence is somewhat

conflicting as to what occurred subsequent to the time appellant reported for work on April 1, 1965. There may be some question as to whether or not there later occurred on the part of appellee a breach of appellant's contract of employment, but it is our view that the present case is based mainly upon fraud committed in Harris County, and that it is unnecessary for us to determine whether or not appellee breached his contract in any manner after appellant reported for work. The question to be decided here is whether appellant has made out a prima facie case of fraud committed by appellee in Harris County, and if so, whether he has sustained some damage therefrom.

The evidence shows that appellant and appellee Mercer met in Fort Worth on January 15, 1965, and discussed generally appellant's prospective employment with appellee. The meeting was a brief one and nothing was said concerning oil and nothing was agreed upon. After such meeting appellant came back to Houston. Appellant testified that the oil properties were not mentioned in Fort Worth, but that in a later conversation in Houston he told appellee that he had to have something else other than his salary because he was giving up a retirement plan that was sizable, and other things. He further testified that while in Houston appellee told him that the only other thing he had outside of his family interests would be his personal oil properties in New Mexico and east Texas, and he proceeded to tell appellant a little about them; that the oil properties were not mentioned in Fort Worth, and such conversation took place in Houston, and that appellee said that over and above the operating expenses said oil properties were producing from $5,500.00 to $6,000.00 a month. Other matters were discussed with respect to the prospective employment.

Appellant further testified that the next meeting, "and the one where we brought all of these things together, * * * and finalized it, * * *" was on February 2, 1965 in Houston. They discussed appellant's salary and agreed on $46,000.00. They also agreed upon an assignment to appellant of one-half of appellee's oil interests in El Charro in New Mexico and in the Anderson County production. Appellant also testified that appellee said, "This would reap over and above operating expenses some $5,000.-00 to $6,000.00 a month." There was a lien against such properties in the amount of $97,000.00 to $100,000.00 which was to be paid out of production prior to the time that appellant would be receiving anything.

Appellee testified that it was his purpose to give appellant a division of the oil production, and that he promised to transfer to appellant a one-half interest in the New Mexico and Anderson County property that would net appellant some $2,750.00 or $2,-500.00 per month, after the indebtedness was paid off. Appellee also testified that he made such representation in all good faith, and that he thought the checks that he had been receiving were net income checks. He admitted that he told appellant that his one-half would be $2,500.00. When it was later discovered by appellee, according to his testimony, that the total production was only about $2,200.00 to $2,300.00 per month net income, he agreed to guarantee appellant a net income of $2,500.00 per month. After appellant went to work for appellee, he discovered for the first time not only that the production was probably less than one-half what had been represented to him, but also that the property in New Mexico was owned or held in the name of George Royalty Company, a Partnership.

The evidence is undisputed that the representation was made, and that it was false, although probably made in good faith by appellee; at least the evidence would warrant an implied finding by the trial court that it was made in good faith. Although it may have been made in good faith, such representation was the primary factor and inducement that caused appellant to give up his lucrative position in Houston. The evidence is undisputed that appellant believed such representation to be true; that he relied and acted thereupon and was induced

thereby to give up his employment with Armco, and that he sustained some damage as a result of so doing.

It cannot be said that appellant suffered no damage because appellee offered to guarantee that appellant would receive $2,500.00 per month. Appellant was not required to accept appellee's personal guaranty in lieu of an assignment of an interest in oil properties that would pay him at least $2,500.00 per month as had been represented by appellee. The record clearly shows that appellant did sustain damage as a result of the false representation that caused him to leave his lucrative employment with Armco. He was not paid anything during the period of April 1, 1965 to May 13 or 15, that he was with Mercer. Thereafter he had to accept employment which paid him about one-half of what he was making with Armco. The law is well settled that on a plea of privilege hearing involving fraud the venue fact is whether the plaintiff sustained some damage, and that the extent thereof is to be determined upon the trial of the case on its merits. Cockburn v. Dixon, 1953, 152 Tex. 572, 261 S.W.2d 689; Brown Company v. Terrell, 310 S.W.2d 757, Tex.Civ.App.; Gomillion v. Lingold, 209 S.W.2d 205, Tex. Civ.App.; Maulding v. Niemeyer, 241 S.W. 2d 733, Tex.Civ.App., mandamus overruled; 26 Tex.Jur.2d p. 56, Fraud and Deceit, Sec. 95; 60 Tex.Jur.2d, p. 105, Venue, Sec. 218.

Appellee asserts that appellant's pleadings and evidence establish that the gist of appellant's cause of action sounds in contract and that the allegations of fraud are merely incidental and not sufficient to maintain venue in Harris County. We do not so construe appellant's pleading and evidence. Appellant alleges in his petition that he sues primarily for damages resulting from the fraud in question. The petition contains all the allegations necessary to establish fraud and the prayer is for damages resulting from the fraud. It is true that appellant in the alternative and only in the alternative sues and prays for judgment on account of breach of contract. The evidence adduced by appellant clearly shows that he is seeking to recover damages because of fraud. His cause of action is as a matter of law primarily based upon the false representations which he asserts were made in Harris County. The fact that he has an alternative plea for damages resulting from breach of contract does not militate against his cause of action for fraud and his right to maintain the suit in Harris County because of the false representations made in such county. Texarkana Water Supply Corp. v. L. E. Farley, Inc., 353 S.W.2d 885, Tex.Civ.App. See also Cockburn v. Less, 257 S.W.2d 470, Tex.Civ.App.; Cockburn v. Dixon, supra; McDonald, Texas Civil Practice, Vol. 2, p. 571, Sec. 6.20.

We are of the opinion that the evidence is undisputed that a material representation was made by appellee in Harris County that he presently owned oil interests in New Mexico and east Texas which were then producing a revenue of at least $5,000.00 per month above operating costs, one-half of which would be assigned to appellant; that such representation was false and that the same was made with the intention that it should be acted upon by appellant; that appellant did in fact rely upon said representation and acted thereupon, and as a result suffered injury. Appellant thus established all of the requisites necessary to make out a case of fraud. Wilson v. Jones, Tex.Com.App.1932, 45 S.W.2d 572; Trinity Universal Ins. Co. v. Soliz, Tex.Civ.App., 241 S.W.2d 625; Henry v. Texas Employers Ins. Ass'n, 279 S.W.2d 614, Tex.Civ.App.1955.

The record contains no denial by Mercer with respect to the representation having been made and that it was false. He undertakes to excuse himself on the ground that he made the representation in good faith. The law is well settled that the fact that the false representation is made in good faith will not exonerate the party making such representation. The false representation can be just as injurious to the person who relied thereon, whether it was made in

good faith or with knowledge of its falsity. Bondies v. Glenn, 119 S.W.2d 1095, Tex. Civ.App., error dism.; Watson v. Baker, 71 Tex. 739, 9 S.W. 867; Gibbens v. Bourland, 145 S.W. 274, Tex.Civ.App.; Poindexter v. Davis, 27 S.W.2d 139, Tex.Com.App.1930, and authorities cited therein; Associated Employers Lloyd's v. Burns, 197 S.W.2d 584, Tex.Civ.App., n. w. h.; Powell v. Andrews, 220 S.W.2d 718, Tex.Civ.App., writ ref., n. r. e.; Harris v. Sanderson, 178 S.W. 2d 315, Tex.Civ.App., ref., w. m.; Cassel v. West, 98 S.W.2d 437, Tex.Civ.App., writ ref.; 26 Tex.Jur.2d, p. 86, Fraud and Deceit, Sec. 117. In Stroud v. Pechacek, 120 S.W.2d 626, Tex.Civ.App., the court held that the absence of knowledge and intent cannot relieve one of the consequences of a false representation made by him as an existing fact and calculated to operate and actually operating as an inducement to a contract where exemplary damages are not involved. In the instant case appellant did not sue for exemplary damages, and the representation was of an existing fact.

■ The law is well settled that a hearing on a plea of privilege is tried in the ordinary way, and that on appeal from a judgment sustaining or overruling a plea of privilege the Court of Civil Appeals must review the fact findings made by the trial court in the same manner as in any other appealed case. Compton v. Elliott, Tex.Com. App., 126 Tex. 232, 88 S.W.2d 91. In the instant case no findings of fact or conclusions of law were made by the trial court. This Court, therefore, must presume that the trial court resolved all issuable facts in such a way as to support the judgment entered. If there is competent testimony to support the court's judgment, the judgment must be sustained. McElyea v. Cozby, 233 S.W.2d 482, Tex.Civ.App.; Martinez v. General Beverage Distributors, Inc., 312 S. W.2d 284, Tex.Civ.App. In Banks v. Collins, 1953, 152 Tex. 265, 257 S.W.2d 97, it was held that if the evidence is conflicting and there exists in the record sufficient evidence of probative force to support the judgment of the trial court, then the judgment should not be disturbed on appeal.

■ We have carefully considered all of the evidence in the case at bar, and have concluded that there is no evidence of probative force that would support an implied finding by the trial court that the false representation was not made in Harris County. Hereinabove we have set out the testimony and evidence of appellant as to the false representation being made in Harris County. In our opinion, such evidence has not been refuted by appellee. Appellee, in an effort to dispute appellant's testimony and to show that any representation that was made was made in Tarrant County, relies upon a letter dated February 4, 1965 from appellant to appellee, and appellee's statement made in Fort Worth over the telephone to the effect that the letter was agreeable. Appellee, when asked whether he agreed with appellant that the contract or agreement was made between them in Houston, replied, "Well, that is probably a matter of opinion, Mr. Moore. He wrote me that letter in Fort Worth and we talked about it on the telphone—I told him it was acceptable to me and I was coming to Houston on other business matters and we actually shook hands on it, yes, sir, in Houston." Appellee further testified that he would say the final agreement was over the telephone since he told appellant over the telephone that the letter was agreeable. Nowhere does appellee dispute that the representation with respect to the oil properties in question and the net income derived therefrom, was made in Houston on February 2, 1965, as testified by appellant. Nowhere does he dispute the fact that after receiving the letter of February 4, 1965, he came to Houston and agreed to the terms set out in the letter, and that the parties thereupon shook hands.

This suit was primarily based upon the false representations made which induced appellant to give up his position with Armco. It is our view that the evidence is undisputed that the representations relied upon

were made in Houston. The letter of February 4 cannot be said to constitute any evidence that the representations were made in Tarrant County. Such letter merely confirms the details which were discussed and agreed upon in Houston with respect to appellant's remuneration upon going to work for appellee. It purports to set out some specifics and details that the parties had already agreed on. Such letter and appellee's statement that it was agreeable actually corroborate the fact that a representation had already been made with respect to the oil production and also what appellant's interest therein would amount to. It further confirms the fact that it was appellant's understanding, which could only be based upon what appellee had represented in Houston, that the New Mexico and east Texas oil properties had a revenue of some $5,000.00 to $6,000.00 per month after operating expenses. We are of the opinion that such letter setting out the terms of appellant's employment by appellee, definitely corroborates appellant's testimony that the representation relied upon had already been made in Houston. Under the evidence and the record before us, there is no evidence that the representations with respect to the amount of the oil production were made other than in Harris County.

The judgment of the trial court insofar as it transfers the cause of action against T. E. Mercer Trucking Company to Tarrant County is affirmed. The judgment of the trial court insofar as it transfers the cause of action against Thomas G. Mercer to Tarrant County is reversed and remanded, with instructions that the trial court enter an order severing such cause of action from the cause of action against the Trucking Company, and retaining the cause of action against Thomas G. Mercer in Harris County.

Affirmed in part, and in part reversed and remanded with instructions.

COLEMAN, J., not sitting.