**Vernon Leroy WILSON et al., Appellants,**

**v.**

**Vernon Vitus KING, Jr., Appellee.**

No. 10563.

Court of Civil Appeals of Texas.

Austin.

March 26, 1958.

Rehearing Denied April 16, 1958.

Victor Gleckler, Austin, for appellants.

Hart, Brown, Sparks & Erwin, Austin, for appellee.

ARCHER, Chief Justice.

This is an appeal from a judgment, based on jury findings, denying appellants re-

covery for damages growing out of a head-on collision occurring in the evening of May 28, 1955 on a three lane paved highway, appellee's car being driven south on the west lane and the Wilson car being driven north came into collision in the west lane. Two suits were filed on May 24, 1957, and were consolidated for trial.

The allegations of negligence were the same in both cases, and were that the defendant tried to make use of the center lane when same was occupied by plaintiff's car coming from an opposite direction; in operating the automobile at an excessive rate of speed; in failing to have his automobile under proper control; in failing to keep a proper and careful lookout; in failing to turn to the right to avoid colliding with the oncoming automobile, and in failing to yield the right of way.

The defendant answered by general denial, alleged specific negligence on the part of the driver of the Wilson car proximately causing the collision and of the alleged death and injuries; that the car being driven by Edwin Vernon Wilson was suddenly driven and operated from the east lane into and across the center lane and into the west lane at a place about 150 feet in front of defendant's car; that Wilson operated his car at an unlawful rate of speed, failed to keep a proper lookout, failed to drive his car on his right side of the highway and failed to yield the right of way.

The case was submitted to the jury on special issues and findings were made that King was not operating his car in the center lane, and that King did not fail to turn his car to the right, that King did not fail to maintain proper control of his automobile. The jury found that the collision between the car driven by King and the car driven by Vernon Wilson occurred in the western lane of the three lane highway; that Wilson drove his car into the most western lane, while driving north on the three lane highway; that in driving his car into the most western lane Wilson was negligent, that such negligence was a proximate cause of the collision, and the sole proximate cause of the collision; that Wilson failed to keep a proper lookout, that such failure was not a proximate cause of the collision, that the collision was not the result of an unavoidable accident.

Motion for a mistrial was overruled.

Motion for a New Trial was made based on improper argument and improper conduct of the jury, and in submitting certain issues and in failing to submit certain issues.

The appeal is founded on six assignments and are that the Court erred in not submitting special issues on "discovered peril," in not submitting unconditionally Issues Nos. 5 and 6, because of improper argument of counsel, in failing to submit issues on "excessive speed", in submitting Issue No. 1 on operating the car in the center lane, in submitting Issue No. 7 on "proper control" without definition or instruction.

Rule 272, Texas Rules of Civil Procedure, provides for the preparation of the court's charge and submission to the respective attorneys, and that all objections not made and presented shall be considered as waived.

Rule 273, T.R.C.P., provides that either party may present to the judge and request such written instructions, special issues, etc. as he desires. Such requests shall be prepared and submitted to opposing counsel, etc.

We are confronted with the fact that appellants did not make any objection to the court's charge and did not timely make written request to the court to submit any special issues, and did not submit to opposing counsel any form of requested issues and therefore under the rules all objections not so made are considered waived.

· ■ The purpose of the Rules requiring a party to except to the charge is to give the Trial Court an opportunity to correct any errors, to the end that the case may be fairly submitted, and all defects in the manner of submission of special issues were waived by failing to except thereto.

Minugh v. Royal Crown Bottling Co., Tex.Civ.App., 267 S.W.2d 861, error refused; Hicks v. Fredericks, Tex.Civ.App., 286 S.W.2d 315; ιAAA Air Conditioning & Mfg. Corp. of Texas v. Barr, Tex.Civ. App., 186 S.W.2d 825, error refused.

■ It appears that early in the trial appellants' attorneys handed to the trial judge a memoranda in the form of special issues with the statement that some might be applicable and some might not be. The attorney for appellee was not furnished with a copy of such memoranda, and it was not later brought to the attention of the trial judge and no request was made that any of such issues be given. Objections to the charge cannot be raised for the first time on appeal.

On Motion for a New Trial appellants complained of a portion of appellee's attorney's argument, but did not object to such argument at the time it was made and did not take any exception thereto.

The argument complained of was to the effect that the amount sued for was large and was more than the ordinary man could earn during his life. The petition sought judgment for $55,000, and contended to the jury that that amount reasonably represented their loss and asked the jury to give them all of it.

As has been stated the attorneys for appellants made no objection to the argument and statement, and no opportunity was given the court to remedy the effect of the argument if it were improper, or to appellee's counsel a chance to make any correction if such argument was objectionable.

■ The general rule is that in order to warrant the grant of a New Trial or reversal the improper remarks or statements made in the argument must have been objected to at the time they were made unless the argument is incurably prejudicial. The complained of argument was of such nature that an instruction from the Trial Court to the jury could have cured its harmful effect if any.

41–B Tex.Jur. page 348, and cases cited.

No reversible error having been shown the judgment of the Trial Court is in all things affirmed.

Affirmed.