**BI–STONE MUNICIPAL WATER SUPPLY DISTRICT, Appellant,**

v.

**Stanley M. ERSKINE, Appellee.**

No. 4143.

Court of Civil Appeals of Texas.

Waco.

June 27, 1963.

Rehearing Denied July 18, 1963.

Joe Schultz, Mexia, Stansell Bryan, Waco, for appellant.

Bradley & Geren, Carl Cannon, Groesbeck, for appellee.

McDONALD, Chief Justice.

This is a condemnation case. Parties will be referred to as in the Trial Court. Plaintiff Water District instituted this suit for the condemnation for water district purposes, of the surface only of 78.9 acres, out of a tract of 171.3 acres owned by defendant Erskine in Limestone County. Trial was to a jury, which, in answer to issues submitted, found:

1) The reasonable cash market value, per acre, of the 78.9 acres condemned, at the time it was condemned, considered as severed land, was $140.

2) The reasonable cash market value, per acre, of the tract not taken, immediately before the taking, was $140.

3) The reasonable cash market value, per acre, of the tract not taken, immediately after the taking, per acre, was $115.

4) Plaintiff sought to condemn land above the high water mark.

5) The high water mark above sea level on defendant's land is 455 feet.

6) Plaintiff did not seek to condemn the land above the high water mark, for use as a park.

7) Plaintiff did not seek to condemn the land, above the high water mark, for recreational use.

8) Plaintiff did not seek to condemn the land, above the high water mark, for camp site use.

9) Plaintiff's Board of Directors acted with clear abuse of discretion in determining that the taking of that part of the tract above the high water mark, was necessary and convenient for reservoir purposes.

10) The reasonable cost of constructing a fence across the severed land is $400.

The Trial Court entered judgment on the foregoing verdict for $11,046 for the land taken, (78.9 x $140.); $2310. damage to the remainder, (92.4 x $25.); and $400. for cost of building fence; making a total of *$13,756.*

Plaintiff Water District appeals on 25 points, which we have consolidated into 5 contentions.

■ Plaintiff's 1st contention is that the Trial Court erred in submitting Issue 1, because the estate being condemned was a *"surface estate only"*, and such issue, and the evidence, all related to the entire estate, and there was no evidence as to the value of the *"surface estate only."*

Plaintiff, in its pleadings, sought condemnation of the surface estate only. The Trial Court submitted the following issue:

Issue 1: "From a preponderance of the evidence what do you find was the reasonable cash market value in Limestone County, Texas, per acre of the 78.9 acres belonging to condemnee, condemned by Bi-Stone Municipal Water Supply District for water reservoir purposes at the time it was condemned, considered as severed land? Answer in Dollars and Cents." (To which the jury answered $140.).

Plaintiff made no objection to the form of such issue, and did not request the submission of the issue in any different form or manner. Rule 272 Texas Rules of Civil Procedure provides for the preparation of the court's charge and submission to the respective attorneys, and that all objections not made and presented shall be considered as waived. Rule 273 TRCP provides that either party may present to the judge and request such written instruction and special issues as he desires.

Since plaintiff made no objection to the form of the issue, and requested no explanatory instruction, or other issue, the objection to the issue is waived. Wilson v. King, CCA, Er. Refused, 311 S.W.2d 957.

■ Plaintiff contends *all* the evidence related to the entire estate, and that there is no evidence relating to the surface estate only. Condemnation of the surface estate only was sought by plaintiff. The witness Hodges testified:

Q. "What in your opinion would be a reasonable cash market value for the 78.9 acres of land *that is being condemned here by this Water District* * * * ?"

A. "* * * $150. an acre * * *."

The witness Jack Ward testified:

Q. "* * * I will ask you what, in your opinion, would be the reasonable cash market value of that land on October 20, 1960, the 78.9 acres *that they are taking?*"

A. "$150."

The witness Buren Ward testified:

Q. "All right. What in your opinion would be the reasonable cash market value of the 78.9 acres of land on October 20, 1960, *that they took for the lake,* per acre?"

A. "Well it would run a $100.00 to $150.00 an acre * * *."

We think the foregoing, being evidence as to the value of the land, *"they took for the lake";* land *"that they are taking";* and land *"being condemned by their water district",* refers to the surface only, and constitutes ample evidence to sustain the finding.

■ Plaintiff's 2nd contention is that the jury's answer to Issue 2 is excessive; and there is no evidence or insufficient evidence to support the jury's answer to Issue 3. The witnesses Hodge and Ward testified the remainder of the land had a value of $150. per acre before the taking; and that after the taking its value depreciated by ⅔rds and by ½. We think the evidence ample to sustain the findings.

■■ Plaintiff's 3rd contention is that defendant's pleading, "as to lack of authority by plaintiff to condemn above the high water mark," was a plea in abatement, and that it was not sworn to. Plaintiff raised such objection during the course of the trial, and defendant obtained leave of the Trial Court to swear to such pleading. If such pleading was a plea in abatement, which should have been sworn to, the action of the Trial Court in permitting defendant to swear to same, rendered the matter harmless. In any event, plaintiff does not show that the error, if any, caused the rendition of an improper judgment. Rule 434 TRCP.

■ Plaintiff's 4th contention complains of Issue 2, in that it did not set out the number of acres not condemned. Plaintiff says it is impossible to determine what number of acres the jury had in mind. It is undisputed that plaintiff sought con-

demnation of 78.9 acres out of a tract of 171.3 acres. Plaintiff got the 78.9 acres sought; which leaves 92.4 acres as the remainder not taken. Moreover, the jury's answer was on a per acre basis. Further, plaintiff did not object to the form of the issue. Rules 272 and 273 TRCP.

■■ Plaintiff's 5th contention is that Issues 6, 7 and 8 are in conflict with Issue 9. Issues 6, 7 and 8 found that plaintiff did not seek to condemn land above the high water mark for park, recreational, or campsite use. Issue 9 found that the Board acted with clear abuse of discretion in taking the land above the high water mark. We do not think the findings are in conflict; but in any event, since plaintiff sought 78.9 acres and got 78.9 acres, it cannot complain.

All of plaintiff's points and contentions are overruled, and the judgment of the Trial Court is affirmed.