**Dale FREY, Appellant,**

v.

**Jack L. MARTIN et al., Appellees.**

No. 17659.

Court of Civil Appeals of Texas, Dallas.

June 25, 1971.

Rehearing Denied July 16, 1971.

———◆———

Wm. Andress, Jr., Andress & Woodgate, Dallas, for appellant.

Samuel B. Paternostro, Kelsoe & Paternostro, Dallas, for appellees.

BATEMAN, Justice.

This is a suit for damages alleged to have been sustained by the appellant Dale Frey when he was induced by fraudulent misrepresentations of the appellees Jack L. Martin and Don E. Jones to exchange his ranch in Missouri for a large apartment complex in the City of Dallas. Frey alleged that Martin and Jones, acting for the owner, Investors-Southwestern, Inc., represented to him that the complex contained 166 apartment rental units, but that after consummating the transaction he discovered that there were only 162 such units. The

appellee Jones filed a counterclaim against Frey for $6,500 alleged to be due on a promissory note owned by Jones and signed by Frey.

At the conclusion of a nonjury trial, the trial court rendered judgment that the appellant Frey take nothing and that Jones recover on his counterclaim. Frey does not complain of the judgment on the counterclaim, but presents six points of error on appeal from that part of the judgment which denied him any damages as against Martin and Jones.

Our disposition of this appeal turns on the simple question of whether by application of the proper measure of damages, there is in the record any evidence of probative value to support an award of any damages to Frey. His position may be thus briefly summarized: the appellees fraudulently represented to him that the complex contained 166 units, the price of which was $10,000 per unit; that he relied on such representations and paid for 166 units at $10,000 per unit, but that since there were only 162 units he is entitled to be compensated for the shortage of four units at the agreed rate of $10,000 per unit, or a total damage of $40,000. His six points of error are predicated upon this theory of a right to recover. They are all overruled for the reasons which follow.

In his brief and oral argument Frey applies a measure of damages compatible with a suit for damages resulting from a breach of contract, but this is wholly inappropriate and not permissible in this case where the petition makes it quite clear that the action is *ex delicto*—a suit in tort for a wrong consisting of fraud inducing the contract, for which the law applies a different measure of damages.

■ The general common law rule as to the measure of damages recoverable by a defrauded purchaser of property, as announced in George v. Hesse, 100 Tex. 44, 93 S.W. 107 (1906), and other cases, is "the difference between the value of that which he has parted with, and the value of

that which he has received under the agreement." In 1919 the legislature supplemented this rule, insofar as it related to transactions in real estate and corporate stocks, to give the purchaser the benefit of his bargain, and not restrict him to his actual loss. See Acts of 1919, p. 77, for this statute the substance of which became Vernon's Ann.Civ.St., Art. 4004. Upon adoption of the Business and Commerce Code the substance of that part of Article 4004 which is pertinent here became a part of V.T.C.A., Bus. & C., § 27.01(b), as follows:

> "The measure of actual damages is the difference between the value of the real estate or stock as represented or promised, and its actual value in the condition in which it is delivered at the time of the contract."

Frey neither alleged nor offered evidence of the value of the property as represented; i.e., what it would have been worth had the alleged representations been true, or as to the value of the property in the condition in which it was delivered to him at the time of the contract.

Neither did he allege or offer evidence that he had suffered a pecuniary loss as a consequence of his reliance upon the truth of the representations, as was found to be true in El Paso Development Co. v. Ravel, 339 S.W.2d 360, 365 (Tex.Civ.App., El Paso 1960, writ ref'd n.r.e.). It was said in that case that when such special damages can be shown, the defrauded purchaser is not restricted to the statutory measure of damages mentioned above but may recover such actual damages under the original common law rule.

■ However, not having alleged or offered any proof under either the statutory or common law measure of damages, he provided no basis in law on which the court could have rendered a judgment in his behalf.

Moreover, at Frey's request the trial court filed findings of fact and conclusions of law, including findings that prior to

**318**

purchasing the apartments Frey in person inspected the same and was aware of all relevant facts regarding same, that the apartments were neither sold nor purchased on the basis of $10,000 per apartment unit, or on any other value or price per apartment unit, and that Frey had failed to establish the value of the apartment in question, or of the individual apartment units, or of the common space in the apartment complex, or of his ranch lands in Missouri which he had exchanged for the apartment complex. The court also found that Frey knew that Jones did not have any knowledge or information concerning the apartments superior to his own, and that Frey did not rely on any representations made by Jones, and that the representation by Martin that there were 166 apartment units was not a material representation relied on by Frey in making the exchange of ʼproperty. The trial court then concluded as a matter of law that the value per unit of the apartments, as alleged by Frey, was an improper measure of damages in a cause of action based on fraud involving an exchange of real property and that Frey failed to establish or prove "any lawful damage" as a result of the transactions involved.

■ These findings of fact were based upon conflicting testimony and were not excepted to by Frey. As we find from the record that these findings are not manifestly erroneous, or wholly without support by any evidence of probative value, or so against the weight and preponderance of the evidence as to be manifestly wrong, we feel that they are binding on this court and require affirmance of the judgment. Bavousett v. Bradshaw, 332 S.W.2d 155, 159 (Tex.Civ.App., Amarillo 1959, writ ref'd n.r.e.); City State Bank in Wellington v. Wellington Independent School District, 173 S.W.2d 738, 740 (Tex.Civ.App., Amarillo 193, affirmed in 142 Tex. 344, 178 S. W.2d 114); City of Garland v. S. H. Lynch & Associates, 413 S.W.2d 480, 482 (Tex.Civ.App., Dallas 1967, no writ).

Affirmed.