**SUCCESS MOTIVATION INSTITUTE, INC., Appellant,**

**v.**

**William C. LAWLIS et al., Appellees.**

**No. 16204.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 13, 1973.

Rehearing Denied Jan. 10, 1974.

---

Dunnam, Dunnam & Dunnam, Vance Dunnam, Waco, for appellant.

Patterson, McDaniel & Boyd, Ben L. Aderholt, Houston, for appellees.

COLEMAN, Chief Justice.

This is an action for damages alleging fraud inducing plaintiffs to purchase a franchise or distributorship. A judgment based on a jury verdict was entered for the plaintiffs for their actual damages.

An issue finding exemplary damages was disregarded by the court on motion of the defendant.

The defendant contends that the trial court submitted an improper measure of damages in that it failed to limit the jury to a consideration of the difference between the price paid for the franchise and its actual value; that the trial court erred in rendering judgment based on the damage issue because there was no finding that the damages were proximately caused by the misrepresentations of fact found by the jury; that there was insufficient evidence to support the answer to the damage issue; and that the judgment is excessive.

The appellant, hereinafter called S.M.I., sells distributorships or franchises to individuals, who are then authorized to sell S.M.I. programs. The plaintiffs alleged that they were induced to purchase such a franchise by various misrepresentations of fact. They alleged that they "suffered the loss of its initial investment" of $9,950.00, "lost and wasted time and energy in pursuing the distributorship venture" in the amount of $20,000.00, and "personal expenses in attempting to discover the details, true terms, and conditions of said distributorship agreement."

The damage issue, Special Issue No. 11, reads:

"What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate Brian Nelson, acting for the partnership with William Lawlis, for the pecuniary loss, if any, directly caused by his reliance upon such statements, if any, as you may have found in answer to Special Issue No. 3?

"Answer by stating the amount, if any, in dollars and cents."

The defendant objected to the issue because: (a) there was no evidence or (b) insufficient evidence to raise the issue; (d) no pleadings to raise the issue; (f)

"the charge assumes and presumes matters and facts not in evidence and as to each such issue the charge permits the jury to speculate and consider matters not at issue"; and (i) the evidence fails to show the fair market value of the Nelson housecar. Other objections were made to this issue which are not material to the points presented on appeal. The defendant objected to the "charge as a whole because the case is not submitted on any theory of recovery which can be supported by any legal or equitable theory." The defendant elaborated on this objection by saying: "Even if all the issues were answered in favor of Plaintiffs Nelson and Lawlis the Court would not possess sufficient facts upon which to render a judgment."

In Wilson v. King, 311 S.W.2d 957 (Tex.Civ.App.—Austin 1958, writ ref.), the court stated:

"The purpose of the Rules requiring a party to except to the charge is to give the Trial Court an opportunity to correct any errors, to the end that the case may be fairly submitted, and all defects in the manner of submission of special issues were waived by failing to except thereto."

■ S.M.I.'s objection to the charge as a whole is too general to inform the court of the basis of the objection and fails to comply with Rule 274, Texas Rules of Civil Procedure. Omitted issues referable to issues submitted will be deemed found in support of the judgment if there is evidence to support such implied findings. Wells v. Burns, 480 S.W.2d 31 (Tex.Civ. App.—El Paso 1972).

■ The points of error presented do not complain that the trial court erred in overruling objections to the charge. Appellant complains that the court erred in rendering judgment because there was no finding that the damages were proximately caused by the misrepresentations. If this is considered as an attack on the wording of the damage issue, it fails because of

failure to object to the charge for that reason. Monsanto Company v. Milam, 480 S. W.2d 259 [Tex.Civ.App.—Houston (14th Dist.) 1972, aff'd 494 S.W.2d 534 (Tex. 1973)].

■ S.M.I. urges that the case must be reversed because the trial court submitted an improper measure of damages. Appellant made no objection to the charge on this ground, and by force of Rules 274 and 372(d), T.R.C.P., such an objection is waived, and appellant cannot now complain that the court's charge permitted the jury to find damages based on a wrong measure. Hamilton v. Fant, 422 S.W.2d 495 (Tex.Civ.App.—Austin 1967); Howell v. Bowden, 368 S.W.2d 842 (Tex.Civ.App.—Dallas 1963, writ ref., n. r. e.).

■■ Finally it is submitted that there is insufficient evidence to support the answer made by the jury to Special Issue No. 11. The general common law rule as to the measure of damages recoverable by a defrauded purchaser of property is the difference between the value of that which he has parted with, and the value of that which he has received under the agreement. However where there is pleading of pecuniary loss, which the evidence shows to be directly traceable to the wrongful act complained of and to be the proximate result thereof, such loss can be recovered. Stanfield v. O'Boyle, 462 S.W.2d 270 (Tex.1971); Maddox v. Worsham, 415 S. W.2d 222 (Tex.Civ.App.—Amarillo 1967, writ ref., n. r. e.); Frey v. Martin, 469 S. W.2d 316 (Tex.Civ.App.—Dallas 1971, writ ref., n. r. e.); El Paso Development Company v. Ravel, 339 S.W.2d 360 (Tex.Civ. App.—El Paso 1960, writ ref., n. r. e.).

■ Remote damages, or those purely conjectural, speculative, or contingent, are too uncertain for ascertainment and cannot be recovered. El Paso Development Company v. Ravel, supra.

■ Plaintifffs have alleged special damages. Only such evidence as tends to prove the special damages alleged, which damages are shown to be the proximate result of the fraud found by the jury, can be considered in determining whether the answer to Special Issue No. 11 is supported by the evidence.

Appellees traded a Glastron Mobile Home belonging to appellee Brian Nelson for the Motivation Institute distributorship. A receipt signed by Mel Brown, Development Director, Success Motivation Institute, recited that it was valued at $9,950.00. William Lawlis paid Nelson $4,975.00 as his share of the consideration. Nelson testified without objection that the mobile home "was worth approximately the same price as a franchise. He testified that the cost of the franchise was $9,950.00. A letter from Ferrel Hunter, Vice President, Achievement Motivation Institute, was admitted into evidence. It stated: " . . . This letter will confirm the exchange of a distributorship with Success Motivation Institute valued at $9,950.00 for your 1970 Glastron motor home . . ." These facts were properly considered by the jury in answering Special Issue No. 11. Morriss-Buick Co. v. Pondrom, 131 Tex. 98, 113 S.W.2d 889 (1938).

■ There was testimony by Lawlis and by Nelson as to their earnings prior to and after the purchase of the distributorship. There was testimony concerning the length of time each worked at selling the courses purchased from S.M.I., and the profit realized therefrom. There was evidence that S.M.I. knew or should have known that the plaintiffs would be unsuccessful in this venture. From the evidence the jury reasonably could have determined that plaintiffs suffered a loss of income in excess of $9,000.00 during the period that they attempted to operate the distributorship.

The contract between Achievement Motivation Institute, a division of Success Motivation Institute, Inc., and Brian Nelson provides that during the second and third quarters following the execution of the agreement Nelson accepts a quota for pur-

chases from the company in the sum of $2,500.00 per quarter, and thereafter a quota of $5,000.00 per quarter subject to periodic increases not in excess of 10% per year during the first five years of the contract. A failure on the part of Nelson to meet the quota gave the company an option to cancel the agreement. The agreement also provided that the distributor agreed to devote full time to the operation of the distributorship, or, with the written consent of the company, to hire a full time manager. It provides that the distributorship cannot be sold or assigned without prior written consent and approval of the company.

Appellees' pleading of damage for "lost and wasted time and energy in pursuing the distributorship venture" in the amount of $20,000.00 is sufficient in the absence of a special exception to allow testimony of lost income. The parties contemplated that Nelson and Lawlis would devote their time to the distributorship business. The loss of income was directly traceable to wrongful acts on the part of appellant, as found by the jury, and was the proximate result thereof. The jury was entitled to consider the evidence of loss of income. The evidence was sufficient to support the answer to Special Issue No. 11. We are unable to say that the judgment based on this jury verdict is excessive. Monsanto Company v. Milam, supra; Inman v. Parr, 311 S.W.2d 658 (Tex.Civ.App.—Beaumont 1958, writ ref., n. r. e.).

By cross points the appellees have complained of the action of the trial court in disregarding the jury's answer to Special Issue No. 12 finding that exemplary damages in the amount of $50,000.00 should be awarded to the plaintiffs and in failing to include such an award in the judgment.

In answer to Special Issue No. 3 the jury found that Mel Brown made six representations of fact to Brian Nelson. One of the representations was that Brian Nelson could reasonably expect to make $260,000.00 his first year. The jury also found, in answer to Special Issue No. 4,

that Mr. Cline made the same representations, except that concerning anticipated income; and in answer to Special Issue No. 5, that Mr. Ferrel Hunter made four of the same representations of fact and one additional such representation. All of such statements were found to be false, and material inducements to Brian Nelson's delivery of his motor home. The jury found that Brian Nelson relied on each of such statements. The jury found that the partnership suffered a pecuniary loss in the sum of $18,000.00 directly caused by Nelson's reliance upon the statements made by Mel Brown, and that the sum of $50,000.00 would compensate the plaintiff, Brian Nelson, for exemplary damages. The jury found that Mel Brown was acting with apparent authority for Success Motivation Institute, Inc., in negotiating a distributorship contract between September 1 and October 9, 1970, the period of time when all the false representations of fact by each of the named individuals were found to have been made.

In an action for fraud a plaintiff must allege and prove that (1) the representations made by the defendant were untrue at the time made and were known to be untrue; (2) that the representations were made with the intent of deceiving the plaintiff and to induce him to enter into the contract; (3) that the plaintiff relied upon the representations and was induced to enter into the contract; and that such representations were the proximate cause of plaintiff's damage. Hayden v. Dunlap, 84 S.W.2d 306 (Tex.Civ.App.—Dallas 1935). As a consequence of entering the judgment for the plaintiffs, for their special damages, the trial court will be deemed to have found all of the required elements which were not submitted to the jury in a manner to support the judgment. Rule 279, T.R.C.P.

Exemplary damages are properly awarded when actual damage is suffered as a result of fraud intentionally committed for the purpose of injuring the other party. Den-

nis v. Dial Finance & Thrift Company, 401 S.W.2d 803 (Tex.1966).

The jury found that at seminars held by the defendant in Waco, Texas, and Mr. Hunter (a Vice President of Achievement Motivation Institute) represented to those in attendance, including Mr. Nelson and Mel Brown, that (a) no special ability is required to be a successful distributor other than the desire to succeed; (b) that S. M.I. distributors are uniformly successful and enjoy substantial income; (c) that S. M.I. distributors encounter no difficulty in selling S.M.I. products; (d) that the S.M. I. tradename had a widespread favorable recognition with the public; (e) that in 1969 those S.M.I. distributors who became inactive in the same year was 10%.

Mr. Matties, a member of the Board of Directors and of the Executive Committee of the Board, and a vice-president of S.M. I., testified that he attended the seminars held in Waco, Texas, on a regular basis. He could not testify that he was present at the seminar attended by Mr. Nelson. Mr. Hunter was the Vice-President of a division of S.M.I., which does not appear to be a separate corporation. There is evidence that Mr. Brown was not an employee of S.M.I., but was an independent contractor compensated on a commission basis. The representations of fact made by Mr. Hunter were, with one exception, identical to those made by Mr. Brown. While Mr. Brown was found to be acting with apparent authority only in negotiating the distributorship contract, it is established by the record that he had actual authority to solicit contracts for S.M.I., subject to final approval by the President of the corporation.

A principal is liable for exemplary damages growing out of the act of an agent only where he authorized, participated in, or ratified the fraudulent conduct of the agent. Commonwealth of Massachusetts v. Davis, 140 Tex. 398, 168 S.W.2d 216, 225 (1942); Wright v. E–Z Finance Co., 267 S.W.2d 602 (Tex.Civ.App.—Dallas 1954,

writ ref., n. r. e.); Panola Motor Co. v. Corbin, 253 S.W.2d 688 (Tex.Civ.App.—Ft. Worth, 1952, writ ref.).

By its answers to the special issues the jury has found that Mr. Hunter made false representations inducing the contract with Nelson. He "participated" in the fraud. In Chronister Lumber Co. v. Williams, 116 Tex. 207, 288 S.W. 402 (Tex.Comm'n App.1926, opinion adopted), the court said that the test of liability of a corporation for the wrongful act of an agent is the scope of the employee's authority and that there are servants and agents who represent corporations in corporate capacities who are not corporate officers eo nomine. It held that the act of an agent within the scope of his authority, even though such act might amount to gross negligence, is an act that is previously authorized and is sufficient to fix liability on a corporation for exemplary damages. Mr. Hunter was the Vice President of S.M.I.'s operating division. The evidence will support a finding that the representations of fact which he made were made while he was acting within the scope of his authority. His actions were those of the company. The jury findings establish intentionally fraudulent conduct on the part of Mel Brown resulting in damage to the plaintiffs. These findings together with the findings establishing participation in the fraud by Mr. Hunter, and the finding on the exemplary damages issue, require a judgment for exemplary damages. The trial court erred in disregarding the issue on exemplary damages, and this court is required to enter the judgment which the trial court should have rendered.

The judgment is reversed in part and exemplary damages in the sum of $50,000.-00 is here awarded on the jury verdict. It is ordered that William C. Lawlis and Brian Nelson, jointly, do have and recover judgment from and against the defendant, Success Motivation Institute, Inc., for the sum and amount of $68,000.00 together with interest thereon at the rate of 6% per

annum from the 7th day of March, 1973, and for costs of court.

Reversed in part and judgment rendered.

On Motion for Rehearing

On reconsideration of our original opinion we have reached the conclusion that we were in error in rendering judgment for exemplary damages.

█ It is not an essential element of fraud, as we erroneously stated, that the party charged therewith must know of the falsity of the representation in question. Graves v. Hartford Accident & Indemnity Co., 138 Tex. 589, 161 S.W.2d 464 (1942).

" . . . Where fraud is based on a promise to do something in the future, it is necessary to allege and prove that the promise was false and was made with no intention of keeping it . . ." Motors Insurance Corporation v. Freeman, 304 S. W.2d 580 (Tex.Civ.App.—Dallas 1957). See also McDonald v. Afro-American Life Insurance Co., 490 S.W.2d 891 (Tex.Civ. App.—Tyler 1973); Texas Employers Insurance Association v. West, 320 S.W.2d 55 (Tex.Civ.App.—Houston 1959).

█ Since no issue submitted to the jury was promissory in nature, no finding that the defendant or its agents knew the representations to be untrue is necessary to support the judgment for actual damages. Such a finding is necessary to establish that the fraud was intentionally committed for the purpose of injuring the plaintiffs. Without such a finding exemplary damages cannot be awarded. Dennis v. Dial Finance & Thrift Company, 401 S.W.2d 803 (Tex.1966). The trial court refused to award exemplary damages based on the jury verdict. While there is evidence to support a finding of intentional fraudulent conduct, we cannot say that the evidence establishes intentional fraud as a matter of law.

Our judgment reversing the judgment of the trial court in part and rendering judgment for exemplary damages is withdrawn, and the judgment is affirmed.