Maxine HAYS, Appellant,

v.

**B. L. SPARKS, Appellee.**

**No. 19501.**

Court of Civil Appeals of Texas, Dallas.

May 3, 1978.

Harold F. Curtis, Jr., Greenville, for appellant.

Tom O'Connell, Plano, for appellee.

ROBERTSON, Justice.

This is a venue case. B. L. Sparks, a resident of Collin County, Texas, sued Maxine Hays, a real estate agent residing in Rains County, Texas. Sparks sought damages arising from alleged fraudulent representations made by Hays, the broker in a real estate sale. Hays filed her plea of privilege, but Sparks controverted the plea, arguing that the case was one of fraud within the venue exception provided in Section 7 of Article 1995, Texas Revised Civil Statutes. After a hearing, the plea of privilege was overruled and Hays now appeals. We reverse and render.

■ The primary question on this appeal is whether there is sufficient evidence of fraud to support venue in Collin County under Section 7 of Article 1995. That section provides:

In all cases of fraud, and in all cases of defalcation by public officers, suit may be brought in the county where the fraud was committed or where the defalcation occurred, or any of such suits may be brought where the defendant has his domicile.

To sustain venue under this subdivision, a party must establish all elements of an actionable fraud, including a showing of damages. *Hudson & Hudson Realtors v. Savage*, 545 S.W.2d 863 (Tex.Civ.App.—Tyler 1977, no writ); *Sanders v. Select Ins. Co.*, 406 S.W.2d 937 (Tex.Civ.App.—Dallas 1966, no writ).

■ We conclude that there is insufficient evidence of damages to support venue under subdivision 7 of article 1995. Fraud in real estate transactions is governed by Section 27.01 of the Business and Commerce Code. Section 27.01(b) provides that the measure of actual damages is "the difference between the value of the real estate or stock as represented or promised, and the actual value in the condition in which it is delivered at the time of the contract." There is no evidence in this case that the property is worth less with forty feet of water frontage than it would be with the represented sixty-five feet. While it is true that proof of the specific amount of damages is unnecessary at the venue hearing, *Brooks v. Parr*, 507 S.W.2d 818 (Tex.Civ. App.—Amarillo 1974, no writ), Sparks was obligated to show, at a minimum, that he had suffered *some* damage under the measure of damages set forth in Section 27.01(b). The only evidence of damages in this case is

that Sparks is unable to use the tract as he originally intended; however, this statement, standing alone, is insufficient to show that any recoverable damages have been sustained. Remote or speculative damages which are too uncertain for ascertainment cannot be recovered in a suit for fraud. *See Hudson & Hudson Realtors v. Savage, supra,* at 868; *Success Motivation Institute, Inc. v. Lawlis,* 503 S.W.2d 864 (Tex.Civ.App. —Houston [1st Dist.] 1974, writ ref'd n. r. e.). The measure of damages for fraud is *objective,* namely value differential, not *subjective,* as in deprivation of a use which is purely personal in nature. Since there is no showing that Spark's inability to use the property as he intended resulted in a reduction in the objective value of the property, we conclude that there is insufficient evidence of damages to support venue in Collin County.

Accordingly, the judgment of the trial court is reversed, and judgment is rendered that this cause be transferred to Rains County, Texas.