**JIM AUSTIN OLDS–CADILLAC AND TOYOTA COMPANY, Appellant,**

v.

**Roland GASPARD, Appellee.**

No. 8364.

Court of Civil Appeals of Texas, Beaumont.

Nov. 8, 1979.

Lynwood Sanders, Orange, for appellant.

Thomas A. Gunn, Orange, for appellee.

KEITH, Justice.

Defendant below appeals from an adverse judgment in a suit brought under the Deceptive Trade Practices—Consumer Protection Act ("DTPA"), *Tex.Bus. & Comm. Code Ann. § 17.41, et seq. (Supp. 1978–79).* The trial was to a jury and the judgment awards treble damage and attorney's fees.

Plaintiff's automobile needed repairs and he took it to defendant's place of business. The repairs were made to the engine and plaintiff paid the defendant $915 therefor. Shortly thereafter, plaintiff began to experience mechanical difficulties with the engine and took it to defendant for further repairs.

Defendant, according to the undisputed evidence, made extensive repairs this second time in an effort to correct the problems. No charges were made for the second repair job. Plaintiff then complained that the car was using an excessive amount of oil and he had other complaints but defendant refused to perform any more work on the vehicle. Plaintiff then took it to a friend of his, a part-time mechanic, who repaired it to plaintiff's satisfaction.

The charge, which comes to us without objection, submitted several "liability" issues in the stilted statutory language found in the DTPA, as summarized in the margin.[1] We are unable to understand from the record how the court determined the

---

1. (1) Defendant represented to plaintiff that its guarantee involved rights which it did not have; (3) Defendant represented to plaintiff that its services had characteristics which it did not have; (5) Defendant failed to perform the repair work in a good and workmanlike manner; (7) Defendant made an express warranty that the repairs would be guaranteed for 90 days or 4,000 miles; (8) Defendant breached the warranty found in No. 7. In addition thereto, by their answers to Issues Nos. 2, 4, 6, and 9, the jury found that each such act or omission on the part of the defendant was a producing cause of plaintiff's damage. The defensive issues were not answered in favor of defendant.

damage issue. In its answer to Special Issue No. 14, the jury found that $3,576.00 "would fairly and reasonably compensate the Plaintiff"; but, the Court, after trebling the damages, entered judgment for only $3,045.00, plus attorney's fees and costs.[2]

*Tex.R.Civ.P. 301* provides that the judgment of the court "shall conform to the pleadings, the nature of the case proved and the verdict . . . ." Yet, without any explanation in the record, the court pulls a damage figure out of thin air and then trebles such figure in the judgment. In *4 R. McDonald, Texas Civil Practice § 17.28, at 189–190 (1971 Rev.Vol.)*, the author states the applicable rule:

> "The judge may not disregard answers to material issues, set aside findings and make contrary ones, hear additional evidence and make supplementary findings on material issues . . . ."

See also, *Key Life Insurance Co. v. Davis*, 509 S.W.2d 403, 406 (Tex.Civ.App.—Beaumont 1974, no writ).

■ However, defendant has no point of error challenging this unauthorized act on the part of the court and we do not create such a point sua sponte. Instead, defendant contends that the trial court erred in using "purchase price as the measure of damage"; that there was no evidence to support a finding of actual damages; and, alternatively, the finding of damages was against the great weight and preponderance of the evidence.

Plaintiff replies to such contentions by pointing to *Tex.R.Civ.P. 272 and 274* and noting that the defendant waived any such complaints by failing to object to the court's charge.

■ Plaintiff's position is well taken and supported by the authorities. See, e. g., *Wilson v. King*, 311 S.W.2d 957, 959 (Tex. Civ.App.—Austin 1958, writ ref'd); *Success Motivation Institutes, Inc. v. Lawlis*, 503 S.W.2d 864, 866 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n. r. e.). Having failed to object to the court's charge, defendant cannot now complain that the court's charge permitted the jury to find damages on a wrong measure. *Lawlis*, supra (at 867). See also, *Thomas v. Morrison*, 537 S.W.2d 274, 277 (Tex.Civ.App.—El Paso 1976, writ ref'd n. r. e.), and authorities therein cited. The first point of error is overruled.

■ The second and third points complain of the legal and factual insufficiency of the evidence to support the damage findings. As noted earlier, while there are problems associated with such damage finding, they do not stem from the insufficiency of the evidence. Our review of the evidentiary questions will be under the standards promulgated by our Supreme Court in several cases, e. g., *Lucas v. Hartford Accident & Indemnity Co.*, 552 S.W.2d 796, 797 (Tex. 1977); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965).

As we have mentioned, plaintiff did spend approximately $1,500 to get his car running properly.[3] Under our record, defendant's repairs were not satisfactory and there was some evidence that supported the judgment—if not the verdict of the jury; and, after reviewing the entire record, in the posture in which it comes to us and under the applicable standards, we are unable to say that reversible error has been shown. The second and third points of error are overruled.

■■ In points four and five defendant complains of the fact that the trial court

2. We have this explanation of the problem in defendant's brief: "The possible damages are: purchase price of initial repair—$915.00; oil—$100.00; and cost of Nolen repair [final repair by part-time mechanic]—$561.00. The judgment of the Court below used the cost of the initial repair and oil consumption as 'actual damages'—$1,015.00. NOTE: Plaintiff agreed to a reduction by the court of the damages found by the jury in Special Issue No. 14—to $1,015.00, representing $915.00 paid to Defendant and $100.00 in oil consumption."

The difficulty with this representation is that there is no record showing such statements reflect what actually happened.

3. He paid defendant $915; Nolen $561; and the oil cost him $100.

overruled its motion to disregard the jury's findings on the liability issues, Nos. 1, 3, 5, and 7, as set out in the first footnote of this opinion.[4] Point four complains that there is no evidence to support such findings. This is a proper method of attacking the action of the trial court. See, Calvert, " 'No Evidence' and 'Insufficient Evidence' Points of Error", *38 Texas L.Rev. 361, 362 (1960)*. However, we are not authorized to consider the factual insufficiency of the evidence when the only predicate for review is a motion filed under *Tex.R.Civ.P. 301*. See O'Connor, "Appealing Jury Findings", *12 Houston L.Rev. 65, 71–72 (1974)*, and authorities therein cited.

■ We have reviewed the evidence under the applicable standards and find that there was some evidence to support each of the liability findings, albeit most of such supporting evidence came from plaintiff himself. As to the guarantee of the repair work for the ninety days or 4,000 miles, the dispute centered around whether such a guarantee was in effect when used parts, as distinguished from new, genuine factory replacement parts were used. Defendant's witnesses testified that only the latter type transaction carried the warranty; plaintiff made no such distinction. Our review does not reveal error 'and we overrule point four. We decline to consider point five since it is not properly before us.

■ Finally, in point six the complaint is made that the liability issues (Nos. 1, 3, 5, and 7) submitted questions of law, not of fact. Reliance is had upon language found in *American Transfer & Storage Co. v. Brown*, 584 S.W.2d 284, 294–296 (Tex.Civ. App.—Dallas 1979, writ granted). Assuming the validity of the *holding* in *Brown* on the point now under consideration, we do not find that it is controlling in the case at bar. It is well to note in this connection that the *Brown* judgment was not reversed because of the erroneous submission of law questions to the jury.[5] We have not found error in the judgment and defendant has failed to preserve the point by proper objection in the trial court.

Had plaintiff objected in the trial court to the submission of questions of law—rather than fact—to the jury, *Brown* might have been persuasive but we have no legal base upon which to predicate a reversal.

We note, in passing, that Special Issues Nos. 5 and 7 did submit fact issues somewhat in the language suggested by *Spradling v. Williams*, 566 S.W.2d 561, 564 (Tex. 1978), and are not, consequently, subject to the ruling in *Brown*, supra.

No error of the trial court was properly preserved or presented in this court; consequently, the judgment is AFFIRMED.

---

4. It is obvious that such points are multifarious, complaining of four separate and distinct errors on the part of the trial court. See authorities cited in *State Bar of Texas, Appellate Procedure in Texas § 14.4[3], at 305 (2d Ed. 1979)*. We do not, however, decline to consider point four because of the multifarious nature thereof.

5. We quote from *Brown*: "Plaintiff contends that defendant failed to preserve the points by proper objections in the trial court, but we need not consider the sufficiency of the objections, since the case must be reversed on grounds already stated. We consider these points only as they bear on the issues to be submitted on another trial." (584 S.W.2d at 294)