United States Court of Appeals,

Fifth Circuit.

No. 93-9151

Summary Calendar.

Robert CAMP, Plaintiff-Appellant,

v.

Phillip G. RUFFIN, d/b/a Harper Trucks, Inc., d/b/a Harper Hand Trucks, Inc. and Harper Trucks, Inc., Defendants-Appellees.

Aug. 25, 1994.

Appeal from the United States District Court for the Northern District of Texas.

Before DAVIS, JONES and DUHÉ, Circuit Judges.

PER CURIAM:

Plaintiff appeals summary dismissal of his claims for fraud, misrepresentation, and breach of contract. We affirm.

## I. Background

Plaintiff Robert Camp sued his employer, Harper Trucks, and its president, Philip Ruffin. The complaint asserted that certain promises concerning commissions and salary made to him before he accepted employment were not fulfilled; it specified two counts of recovery, fraud and negligent misrepresentation.

On Defendant's motion for summary judgment, the district court found that plaintiff's evidence failed to suggest detrimental reliance or actual loss of money and that the common law fraud claim therefore failed. As for misrepresentation, the court found that plaintiff failed to present evidence of pecuniary loss. The district court also found that plaintiff had not stated any other

1

claims such as breach of contract.

II. Fraud and Misrepresentation

Plaintiff argues that to show the damage element of his fraud and misrepresentation claims, he need not offer evidence that he passed over more lucrative opportunities in accepting employment with Harper; he need only show that, acting in reliance on the promises, he was damaged either by out-of-pocket losses or his loss of the benefit of his bargain. He complains that evidence of lost commissions and the promised pay raise show benefit-of-the-bargain losses, which he contends suffice to raise a fact issue regarding damages so as to defeat summary judgment.

Camp must provide evidence that he suffered injury as the result of his reliance upon a promise or representation in order to support his fraud or misrepresentation claim. *See Beijing Metals & Minerals Import/Export Corp. v. American Business Ctr., Inc.,* 993 F.2d 1178, 1185 (5th Cir.1993) (common law fraud); *Crenshaw v. General Dynamics Corp.,* 940 F.2d 125, 128 (5th Cir.1991) (fraud or misrepresentation). The summary judgment evidence of financial injury consisting solely of the denial of expected commissions and a pay raise is insufficient as a matter of law. To support an action for fraud or misrepresentation, a plaintiff must show what he has actually lost—i.e., out-of-pocket damages or pecuniary loss—not loss of what he was promised or loss of the benefit of the contract. *See Collins v. McCombs,* 511 S.W.2d 745, 747 (Tex.Civ.App.—San Antonio 1974, *writ ref'd n.r.e.*) (fraud); *Federal Land Bank Ass'n of Tyler v. Sloane,* 825 S.W.2d 439, 442

2

(Tex.1991) (misrepresentation).

Such damages are measured not by what the plaintiff might have gained, had the promise been performed, but by what he has lost. *Collins,* 511 S.W.2d at 747 (citing *George v. Hesse,* 100 Tex. 44, 93 S.W. 107, 107 (Tex.1906)); *Morriss-Buick Co. v. Pondrom,* 131 Tex. 98, 113 S.W.2d 889, 890 (1938). With certain exceptions not applicable here, benefit-of-the-bargain damages are not compensable. *See Frey v. Martin,* 469 S.W.2d 316, 317 (Tex.Civ.App.—Dallas 1971, *writ ref'd n.r.e.*) (explaining 1919 legislation supplementing damages for stock and real estate transactions); *see also Sloane,* 825 S.W.2d at 443 n. 5 (confining prohibition against benefit-of-the bargain damages to common-law actions, expressly reserving opinion on damages recoverable in an action based on statute).[1] The lack of damages cognizable under

---

[1]We think *Sanchez v. Johnson & Johnson Medical, Inc.,* 860 S.W.2d 503 (Tex.App.—El Paso, writ filed, Sept. 13, 1993), goes against the current of Texas law in this regard. *Sanchez* allowed benefit-of-the bargain damages for fraud occurring in the employment relationship. Noting that *Sloane* and Texas law would appear to deny benefit-of-the bargain damages in misrepresentation actions, *Sanchez* nevertheless allowed such damages because lost wages "would appear to be the only appropriate remedy." 860 S.W.2d at 514.

As late as 1991 the Texas Supreme Court "decline[d] to extend damages beyond those limits provided in Restatement section 552B." *Sloane,* 825 S.W.2d at 443. The Restatement restricts damages for negligent misrepresentation to "pecuniary loss"; damages recoverable for negligent misrepresentation "*do not include* the benefit of the plaintiff's contract with the defendant. Restatement (Second) of Torts § 552B (1976) (emphasis added). In view of the continued viability of *Sloane, George v. Hesse* and *Morriss-Buick Co. v. Pondrom,* we do not believe the Texas Supreme Court will depart from the general rule denying benefit-of-the-bargain damages absent one of the recognized exceptions.

3

Texas law defeats plaintiff's tort claims, because he has not shown that a question of fact regarding injury remains for trial.

### III. Contract

We also affirm the court's determination that plaintiff failed to state a claim in contract.  The summary judgment evidence established that there was no written employment contract between Camp and Harper.  Accordingly, the employment agreement was terminable at will.  *See Collins,* 511 S.W.2d at 747 (rejecting plaintiff's claim cast in language sounding in tort as an indirect attempt to recover for the breach of an unenforceable promise); *Beijing Metals,* 993 F.2d at 128 (oral promise of employment is terminable at will).

For the foregoing reasons, the district court's judgment is AFFIRMED.