**Opinion issued December 17, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00630-CV

———————————

**HUONG VO, Appellant**

**V.**

**MORAD MEKHAIL D/B/A EZ TRUST, Appellee**

On Appeal from the 164th District Court
Harris County, Texas
Trial Court Case No. 2015-46823

## OPINION CONCURRING IN THE
## DENIAL OF EN BANC RECONSIDERATION

Can a fraud plaintiff recover punitive damages without a showing of malice?

In other words, can fraud be its own aggravating circumstance for purposes of

authorizing punitive damages? This case may not present the ideal vehicle for an en

banc answer to that question, but the question deserves to be flagged.

I.

There is considerable significance to the issue of what kind of predicate a fraud plaintiff needs before being able to recover punitive damages. Decades ago, before we had a Civil Practice and Remedies Code, the law barred fraud plaintiffs from obtaining punitive damages absent a showing of malice.[1] Did that barrier fall with the tort reforms found in Chapter 41?

One court has answered Yes. According to *Alahmad v. Abukhdair*, a fraud plaintiff needs no malice finding as a precondition to punitive damages. No. 02-12-00084-CV, 2014 WL 2538740, at *13 (Tex. App.—Fort Worth June 5, 2014, pet. denied) (mem. op. on reh'g). On that view, punitive damages are available if the fraud was accompanied by fraud. *See id.* ("Sam was not required to prove malice.").

However, I would not depart from the traditional common-law rule without clearer guidance from the statute or the supreme court. A fraud plaintiff should not be able to recover punitive damages absent a finding of malice. Or to put the matter another way, punitive damages should not become available merely because the fraud was fraudulent.

---

[1]   *See William B. Roberts, Inc. v. McDrilling Co.*, 579 S.W.2d 335, 340 (Tex. Civ. App.—Corpus Christi 1979, no writ); *Woo v. Great Sw. Acceptance Corp.*, 565 S.W.2d 290, 299 (Tex. Civ. App.—Waco 1978, writ ref'd n.r.e.); *Success Motivation Inst., Inc. v. Lawlis*, 503 S.W.2d 864, 870 (Tex. Civ. App.—Houston [1st Dist.] 1973, writ ref'd n.r.e.) (op. on reh'g).

The Panel rightly notes that Chapter 41 raises the burden of proof to clear and convincing and that the standard of review takes account of this heightened burden. *See Vo v. Mekhail*, No. 01-22-00630-CV, 2024 WL 3973430, at *10 (Tex. App.—Houston [1st Dist.] Aug. 29, 2024, no pet. h.) (mem. op.). It states that in light of "the evidence of fraud set out above under this standard, we conclude that a reasonable factfinder could have formed a firm belief or conviction that Vo committed fraud in connection with accepting and retaining proceeds from the execution sale. Accordingly, we conclude that the evidence was sufficient to support the trial court's award of exemplary damages." *Id.*

To my mind, malicious fraud will authorize punitive damages, but fraudulent fraud will not. That was certainly the traditional rule: "legal malice is a pre-requisite to an award of punitive damages for common law fraud." *LaChalet Int'l, Inc. v. Nowik*, 787 S.W.2d 101, 106 (Tex. App.—Dallas 1990, no writ).

In *Success Motivation Institute, Inc. v. Lawlis*, we allowed the punitive damages on original submission, but on rehearing we changed our mind and deleted them. 503 S.W.2d 864, 869, 870 (Tex. Civ. App.—Houston [1st Dist.] 1973, writ ref'd n.r.e.) (op. on reh'g). *Success Motivation* stated the consensus rule in the world before Chapter 41. "In fraud cases, generally speaking, punitive damages may not be awarded unless the act complained of is of a malicious or wanton nature, and such an award cannot be supported if all that is shown by the record is that the act is

merely wrongful." *William B. Roberts, Inc. v. McDrilling Co.*, 579 S.W.2d 335, 340 (Tex. Civ. App.—Corpus Christi 1979, no writ); *see Woo v. Great Sw. Acceptance Corp.*, 565 S.W.2d 290, 299 (Tex. Civ. App.—Waco 1978, writ ref'd n.r.e.) (similar); *Griffin v. Phillips*, 542 S.W.2d 432, 434 (Tex. Civ. App.—Eastland 1976, writ ref'd n.r.e.) (similar). Under that rule, before plaintiffs could recover punitive damages in a fraud case, they needed to "have shown that they suffered actual damages as a result of a fraud intentionally committed for the purpose of injuring" them. *Verette v. Travelers Indem. Co.*, 645 S.W.2d 562, 567 (Tex. App.—San Antonio 1982, writ ref'd n.r.e.); *see Burleson State Bank v. Plunkett*, 27 S.W.3d 605, 618 (Tex. App.—Waco 2000, pet. denied) (similar).

These authorities warrant mention because in construing section 41.003, one may consider the common law and the circumstances under which the statute was enacted. *See* TEX. GOV'T CODE § 311.023. The statutory task becomes to determine what the Legislature meant in section 41.003(a) when it stated the following:

> Except as provided by Subsection (c), exemplary damages may be awarded only if the claimant proves by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from:
>
> (1)     fraud;
>
> (2)     malice; or
>
> (3)     gross negligence.

TEX. CIV. PRAC. & REM. CODE § 41.003(a).

Perhaps the word "fraud" in section 41.003(a)(1) takes care of everything. That is, perhaps the statute requires nothing more of a fraud plaintiff than a tag-along finding that there is clear and convincing evidence of the fraud, which basically amounts to this:

"Dear Jury, was there fraud?"

Yes.

"Is that your final answer?"

Yes.

Q.E.D. Let punitive damages follow.

But perhaps not. Subsection (c) speaks of a "culpable mental state." *Id.* § 41.003(c). So the word "fraud" in subsection (a)(1) might mean a culpable mental state that accompanies an underlying cause of action, rather than the underlying cause of action itself. That would fit with the fact that malice constitutes a culpable mental state but not a cause of action. *See Arana v. Figueroa*, 559 S.W.3d 623, 634 (Tex. App.—Dallas 2018, no pet.) ("Texas does not have a specific cause of action for 'malice.'"). Given the strong background rule that predated the 1995 amendments to Chapter 41, and given the ability to construe section 41.003 as talking about mental states rather than causes of action, I would favor that statutory reading.

Conversely, reading Chapter 41 to expand the availability of punitive damages seems at odds with the statute's tort reform goals. *See generally Transp. Ins. Co. v.*

5

*Moriel*, 879 S.W.2d 10 (Tex. 1994); J. Stephen Barrick, Comment, *Moriel and the Exemplary Damages Act: Texas Tag-Team Overhauls Punitive Damages*, 32 HOUS. L. REV. 1059 (1995); John T. Montford & Will G. Barber, *1987 Texas Tort Reform: The Quest for a Fairer and More Predictable Texas Civil Justice System*, 25 HOUS. L. REV. 59 (1988). I would come down on the side of construing section 41.003 to not allow punitive damages for fraudulent fraud. Malicious fraud, yes, but not fraudulent fraud.

Punitive damages are supposed to be reserved for "exceptional" cases. *See U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 140 (Tex. 2012). A bare showing of wrongful conduct should not suffice. Rather, to lift the case above the run-of-the-mill case, the plaintiff has always had to go further by proving an aggravating factor. *See, e.g.*, *Bennett v. Howard*, 141 Tex. 101, 107, 170 S.W.2d 709 (1943) ("The rule is almost universally recognized that exemplary damages are recoverable for, and only for, such injuries as result from wrongs accompanied by some aggravating circumstances of malice, fraud, gross negligence, etc.").

Proving that the fraud took place by clear and convincing evidence does not show aggravation. It just shows greater certainty about the underlying tort. That additional certainty may well increase our confidence that the trial did not run amok; it can make us feel better about awarding compensatory damages; and it might play into a harmless error analysis in a case with trial error. But increased certainty does

not logically imply aggravation. Even if we saw a fraudulent transaction on high-definition video, leaving us completely convinced that fraud took place, that would not make the fraud aggravated. Treating fraud as its own aggravating circumstance seems inconsistent with section 41.003.

For all these reasons, absent clearer guidance to the contrary from Austin, I would part company from the Fort Worth Court's decision in *Alahmad*. I would adhere to the traditional requirement of malice as a precondition to exemplary damages in a fraud case, as we did five decades ago in *Success Motivation*. That requirement should spell the end of the punitive damages in this case because the record contains no evidence of malice.

## II.

This question about the proper legal predicate for punitive damages in a fraud case comes up routinely in trial courts, but not nearly so often on appeal. Answering the question will influence how parties evaluate cases, how judges draft jury charges, and how verdicts turn out. The issue is not the world's easiest legal question. It has divided other states[2] and is not the simplest issue ever to arise in Texas. The question needs to be reached in a proper case.

---

[2] According to one treatise, "many jurisdictions include the word 'fraud' in the general judicial or legislative definitions used to describe the requisite egregious conduct necessary to support a punitive damages award. In these jurisdictions, it may seem reasonable to assume that proof of the underlying action in misrepresentation ('fraud') similarly will establish the defendant's liability for

7

But that does not make this a proper occasion for en banc reconsideration. The briefing by the parties focused more on the findings than on the meaning of the statutory text. Appellant's brief argues that the trial court's findings "are insufficient to support each and every element necessary to support" the judgment and that they "include no relevant findings capable of supporting the judgment." It concludes that the punitive damages "are unsupported" and "should be reversed."

We are to construe briefs liberally. *Weeks Marine, Inc. v. Garza*, 371 S.W.3d 157, 162 (Tex. 2012); *see also 360-Irvine, LLC v. Tin Star Dev., LLC*, No. 05-14-00412-CV, 2015 WL 3958509, at *6 (Tex. App.—Dallas June 30, 2015, no pet.)

---

punitive damages. In point of fact, however, a majority of jurisdictions hold otherwise." 2 PUNITIVE DAMAGES: L. & PRAC. 2D § 19:19 (2024 ed.) (footnotes omitted). "In many jurisdictions, a bare case of fraud is insufficient to support an award of punitive damages, as actual damages are a necessary element even in such a case, so punitive damages require a far greater showing." 37 AM. JUR. 2D *Fraud & Deceit* § 375 (2024) (footnote omitted); *see also* Peter A. Alces, LAW OF FRAUDULENT TRANSACTIONS § 2:24 (footnotes omitted) ("Virtually all states award exemplary damages in intentional fraud cases. What differs from state to state and case by case are the conditions prerequisite to such an award. The greatest disparity concerns whether a plaintiff should be entitled to punitive damages whenever fraud is proven or whether a plaintiff should only be able to recover punitive damages when a heightened degree of culpability is shown."). Suffice it to say that many states require more than mere fraud. *See, e.g.*, *SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 208 (3d Cir. 2022) ("Under Pennsylvania law, the same evidence used to establish fraud cannot be the sole support for an award of punitive damages."); *Smith v. Renaut*, 564 A.2d 188, 193 (Pa. Super. Ct. 1989) ("[T]he same fraud is not alone a sufficient basis upon which to premise an award of punitive damages."); *Roboserve, Inc. v. Kato Kagaku Co.*, 78 F.3d 266, 276 (7th Cir. 1996) ("[W]ithout evidence of gross fraud or some exceptional circumstance clearly indicating malice or willfulness—if the evidence demonstrates only a garden variety fraud—under Illinois law the question of punitive damages is not even submitted to the jury.").

(mem. op.) ("Liberally construing appellants' brief, we construe its arguments as raising a 'no evidence' challenge to the trial court's implied finding[.]"); *$10,052.00 in U.S. Currency v. State*, No. 2-04-307-CV, 2005 WL 1542657, at \*1 n.2 (Tex. App.—Fort Worth June 30, 2005, pet. denied) (per curiam) (mem. op.) (similar).

The briefing fairly includes the statutory issue as a subsidiary issue because it requires the reader to determine (1) what findings would support the judgment and (2) whether the record contains enough evidence to give rise to an implied finding. *See* TEX. R. CIV. P. 299 (stating that implied finding can arise only "when supported by evidence"). For these reasons, the statutory question about the predicate for punitive damages is presented on appeal, even if only barely.

But that does not make the issue appropriate for en banc reconsideration here, especially since the parties did not discuss it in the briefing filed in this Court. Deciding a case as a full Court occurs only on rare occasions. The purpose of this writing is to flag the legal question for the future. For these reasons, I concur in the denial of the motion for en banc reconsideration.


David Gunn
Justice

The panel consists of Justices Kelly, Hightower, and Guerra.

9

The en banc court consists of Chief Justice Adams and Justices Kelly, Goodman, Landau, Hightower, Countiss, Rivas-Molloy, Guerra, and Gunn.

A majority of the justices of this Court voted to deny reconsidering the case en banc.

Justice Gunn, joined by Chief Justice Adams and Justice Goodman, concurring with separate opinion.